No. 25,432.

In the Matter of the Appeal of RALPH W. OMAN, Administrator of the Estate of WALTON W. GILMORE, Deceased, from the Order of the State Compensation Board Disallowing Appellant's Claim for Compensation.

SYLLABUS BY THE COURT.

SOLDIERS' COMPENSATION—*Death of Soldier Before Receiving Compensation—Compensation Exempt to and Belongs to Soldier's Widow—Compensation No Part of Decedent's Estate—Cannot Be Claimed by Administrator.* If a soldier dies before receiving the compensation provided by the acts relating to compensation for veterans of the World War, and his wife survives him, it should be applied for and paid to her. It is exempt and should not be treated as assets of his estate to be administered according to the law of decedent's estates, and is not to be applied for or paid to the administrator of the deceased soldier's estate.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Decision rendered December 17, 1923. Opinion filed January 12, 1924. Affirmed.

*Ralph W. Oman, John F. Kaster,* and *Thomas Amory Lee,* all of Topeka, for the appellant.

*Charles B. Griffith,* attorney-general, *John F. Rhodes,* assistant attorney-general, and *Tinkham Veale,* county attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an appeal from a decision of the district court disallowing a claim for a soldier's compensation, who died since his discharge from military service. It was brought by Ralph

W. Oman,-who had been appointed as administrator of the estate of the deceased soldier. Walton W. Gilmore, a resident of Kansas, entered military service on August 5, 1917, and remained in the service until May 3, 1919. Under the veterans' compensation law and for the time he was in the service, compensation was due to someone, in the amount of $637. Before compensation had been authorized by referendum or enactment and on June 18, 1919, he was accidentally killed by the overturning of a tractor. A claim against his estate for burial expenses was assumed by a sister of his, and hence an administrator was appointed to administer upon his estate, and as such administrator he claimed the compensation due to the deceased soldier, but it was disallowed. Gilmore was a married man, and his widow and sole heir, Elizabeth K. Gilmore, made application for the compensation due to her deceased husband and the county compensation board recommended the payment of the compensation to her; and later on August 5, 1923, the state board determined that the widow was entitled to the compensation. The administrator claiming the fund appealed from this ruling to the district court and that tribunal entered a judgment of disallowance.

On the appeal to this court the question submitted for determination is, should compensation due the deceased veterans be regarded as a part of his estate and subject to the payment of his debts or is it exempt property payable to his widow or other proper claimant? There is no dispute as to the facts involved. The case turns upon the law applicable to them. The statute relating to the disposition of the property of a deceased person and the duties of executors and administrators in respect thereto provides that the executor or administrator shall take possession of all personal and real property of the deceased which are by law to be administered, and render an account thereof when required by the court or the law. (R. S. 22-303.) Is the compensation which is now due for the service rendered by the soldier but which had not been provided for when the soldier died, something "which is by law to be administered," that is, administered according to the general statute provided for the control and disposition of decedent's estates?

The act relating to compensation for veterans of the world war provides that:

"Claims for compensation under the act entitled 'An Act relating to compensation for veterans of the world war,' either before or after the allowance or approval of said claim, shall not be the subject of assignment, transfer, or

*In re* Appeal of Ralph W. Oman, *Administrator.*

power of attorney, nor subject to attachment, garnishment, or execution, except by an order of a court of competent jurisdiction for the support of the wife or children of the claimant." (Laws 1923, ch. 210.)

At the special session of 1923, the legislature amended the foregoing section adding:

"And where the soldier has failed or neglected to file his application therefor, the wife may file for the same, and where so ordered by said court or judge thereof, the clerk of said court shall issue an order thereof directed to the director of said compensation board to pay into said court or to the clerk thereof, for the use and benefit of said widow and minor children, if any, such sum as the court or judge thereof may direct," etc. (Laws 1923, Special Session, ch. 7, § 1.)

In section two of the act last cited it is provided that where the soldier and his deserted wife or children are nonresidents of Kansas, the wife may bring a suit against the compensation board and the soldier, and the court may hear and determine the question as to the rights of the deserted wife or deserted children to such soldier's compensation. It is provided that the county boards of compensation shall consider all claims presented, and as to those who die before compensation is paid, it is provided:

"If the claim is based upon the service of one who died before receiving compensation the finding shall show the capacity of the claimant and a complete list of the names, ages, residence, address of the widow and children, if any, and the father and mother, if surviving." (Laws 1923, ch. 204, § 4, [*f*].)

From these provisions it appears that the legislature intended the compensation granted should be exempt. It expressly provides that the compensation cannot be reached by creditors or the representatives of creditors by any of the processes of law. It is subject to the order of the court only that it may be directed to be paid for the support of the soldier's wife and children. The creditor of a soldier therefore cannot look to nor enforce his claim by the appropriation of the compensation. The same exemption is carried over to the wife or widow and children by the exception that the court may order its payment for their support. The provision excludes the idea that it may be claimed by and paid to creditors or to an administrator who represents them. It was a humane and beneficial provision which should be liberally interpreted in furtherance of the benevolent and humane purpose for which it was enacted. All the provisions quoted point in the same direction and manifest the intention that it shall not be subject to administration under the law relating to decedent's estates. For instance in case a soldier fails

or neglects to apply for compensation, it is provided that it may be paid to the wife or widow and children. If he has deserted her she may sue for and recover it for herself and children. In order that it may go to the rightful person, the county board is required among other things to find the names, residence, and address of the widow and children, if any, or the father and mother if living. There is no suggestion in any of the statutory provisions that compensation may be applied for or paid to executors or administrators or creditors. Much has been said as to the rule made by the compensation board in pursuance of chapter 200 of the Laws of 1923, which authorizes the board to make and establish rules and regulations for the proof and method of the payment of claims under the act. In the rule made in respect to proof and payment of claims, the board among other things provided that: "In all such cases no administration is necessary to be had and no application by an administrator of any estate will be recognized." Of course the board may not amend the statute or enforce a rule which does not conform with it. (*The State, ex rel., v. Davis,* 114 Kan. 270, 217 Pac. 905.)

It appears, however, that the board has correctly interpreted the act governing the application for and payment of compensation and the rule made is in conformity with the statute and in harmony with its true intent. The whole tenor of the legislation on the subject is that the compensation is exempt to the soldier, and in case of his death before payment, it is equally exempt to his wife or widow and children, if he has any. It is therefore plain that the legislature intended to take compensation out of the operation of the law relating to the decedent's estate, and it must be held that the wife rightfully claimed the compensation of her deceased husband and that the trial court correctly decided that it was not assets of the estate of the deceased, subject to administration under the law of decedents' estates.

Judgment affirmed.

HARVEY, J. (concurring specially): The judgment of the court below should be affirmed for this reason: By the act relating to compensation for veterans of the world war (Laws 1921, ch. 255; Laws 1923, ch. 200; R. S. 73-101), the state acknowledged a debt to and promised to pay to each "person who served." No debt was acknowledged in favor of, neither was there any promise to pay any sum, to the estate or to the creditors of such person. Hence,

the administrator cannot maintain this action. This is the only question necessary to decide in this case and disposes of it. If the question were before us as to the right of the widow or children or parents of the "person who served" to receive compensation, it should be controlled by the same considerations, viz.: by the act the state did not acknowledge a debt to, nor promise to pay any sum, to relatives of the "person who served." It is possible the state is under such obligation, and in some instances the obligation is great, to the relatives of the "person who served," which would justify it in acknowledging a debt to and promising to pay to them a specified sum, and there may be some instances in which the state is under similar obligations to creditors, though that is not so easy to see, but the compensation act submitted to the voters and adopted did not provide for such payment, neither did it purport to do so.