No. 25,605.

Virgil Eastman Duckworth, *Appellee,* v. Jonathan M. Davis, Governor, et al., as The Board of Compensation of the State of Kansas, *Appellants.*

#### SYLLABUS BY THE COURT.

1. Compensation—*World War Veteran—Claim Allowed on Appeal to District Court—Compensation to Be Paid Direct to Veteran.* In an appeal from a disallowance of a claim of a veteran as compensation for his services in the world war, in which the court determines that he is entitled to an allowance, the court has no power to direct the state compensation board to forward the amount allowed to the clerk of the court, but when the decision is made and a certified copy of the same is filed with the board, payment should be made by it to the veteran as in other cases where claims are allowed.

2. Same—*Attorney's Fee Not Paid Out of Compensation Allowed.* While the court may determine what should be a reasonable fee for the services of an attorney employed by the veteran in such an appeal, it is not authorized to direct that such fee shall be taken from or paid out of the compensation allowed to the veteran.

3. Same—*Costs of Case to Be Assessed to and Paid by the County.* The costs of the case where an appeal is sustained, including that of a referee appointed therein, may not be taxed against the state compensation board, but should be assessed to and paid by the county.

Appeal from Sedgwick district court, division No. 2; Thornton W. Sargent, judge. Opinion filed June 7, 1924. Modified and affirmed.

C. B. *Griffith,* attorney-general, *Donald W. Stewart,* assistant attorney-general, *W. A. Blake,* county attorney, and *H. C. Castor,* deputy county attorney, for the appellants; *John F. Rhodes,* of Hutchinson, and *Ralph W. Oman,* of Topeka, of counsel.

*Robert M. Piatt,* of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an appeal from a judgment rendered upon a claim made by Virgil Eastman Duckworth for compensation under the act relating to compensation for veterans of the world war. He applied to the state compensation board, claiming compensation for services from October 22, 1918, to May 31, 1919 (222 days), which at the rate of $1 per day entitled him to $222. His claim was examined by the board and he was found to have rendered the services claimed, but it was found that he had failed to show that he was a resident of Kansas when he entered the service, and his claim was therefore disallowed. From this decision he appealed to the district court, where it was determined that his residence was in Kansas when he entered the service. The court sent the case to a referee for findings of fact and conclusions of law, and these were in favor of the claimant. When the report was submitted to the court it ordered and adjudged that the Kansas compensation board immediately forward to the clerk of the district court a good and sufficient voucher in the sum of $222, together with the sum of $12.95 as costs in the case, which was to be distributed by the clerk as follows: $25 to the referee for his services, $75 to an attorney for the claimant, and to pay the balance of the compensation, to wit, $122, to the claimant, Duckworth.

The state compensation board raises no question on this appeal respecting the finding of fact that Duckworth was a resident of Kansas when he entered military service, but it does contend that the trial court had no power to require compensation money to be paid to the clerk of the court and disposed of by the clerk in the manner ordered, but that under the law the whole amount of compensation must be paid by the board directly to the veteran, without any deductions for attorney's or referee's fees or for costs.

It appears that there was in fact no issue before the court as to the length of service of the claimant or the amount due to him, if he had the right to any compensation. The issue and the only one for determination was whether the claimant was a resident of Kansas when he entered military service. From the proof presented to the compensation board it had reached the conclusion that he was not a resident of the state, and upon that ground the application was disallowed. In this case the inquiry by the court as to the time the claimant served and the amount due to him was use-

less and idle. Cases may be imagined in which a dispute may arise where there were absences of the soldier without leave, periods when not on active duty or where there were errors in computation, but no such questions had arisen here. Ordinarily the time of service will be from the date the veteran entered the service until his discharge from it, and this is shown by the military records available to the board. There was no authority in the court to require the board to pay the compensation into the court or to its clerk. It is promised and required to be paid to the veteran. (R. S. 73-102.) A compensation board is created and empowered to make rules and regulations for proof of claims and the method of payment of the same. (R. S. 73-105.) Such regulations for payment directly to the veteran have been provided by the board. An exception is authorized to be made where the personal appearance of the veteran claimant is impossible, impractical or would work a hardship, and in such cases a special manner of consideration and payment of the claim may be made. (R. S. 73-119.) Where there is a disallowance of a claim the veteran may appeal, and if the decision of the court is in his favor no execution may be issued. (R. S. 73-142.) Nor can payment to the clerk of the court be required, but the board upon receiving official notice of the decision is required to make payment to the veteran in the way it would have done if the claim had originally been allowed. The provision of the statute as to payment after a claim has been sustained upon appeal is:

"A certified copy of the final order of the court shall be filed with the secretary of the board, and if the appeal is sustained the board shall forthwith make the payment ordered as in other cases." (R. S. 73-132.)

The proceeding upon appeal is somewhat like one to obtain a declaratory judgment. The court takes up the dispute between the board and the veteran as in an equity proceeding, and the decision, when made in an ordinary case like this one, is to be certified to the compensation board, which should make payment to the veteran, not the clerk of the court, of the amount of compensation found and declared to be due. The statute does provide a different procedure as to payment in exceptional cases. To protect the wife or minor children of a veteran an allowance may be made to them, and where the veteran has failed or neglected to apply for compensation the

26—116 KAN.

wife may file a claim for it, and if shown to be entitled to an allowance the court is authorized to issue an order to the director of the compensation board to pay into the court or to the clerk thereof, for the use and benefit of the wife and children, such sum as it may direct. (R. S. 73-142.) In these exceptional cases the board is required to remit to the clerk the sum found due the claimant, and the board is thereby relieved of responsibility for the further disposition of said sum. (R. S. 73-145.)

Nor has the court power to require the payment of attorneys' fees to the clerk. No part of the compensation fund, all of which is derived from bonds issued under the compensation act, may be issued in the payment of fees for attorneys or legal services of any kind whatsoever. (R. S. 73-107.) In a proceeding as to the right to compensation a veteran may employ and be represented by an attorney, but the matter of fees for his services is one for the veteran and his attorney. It is competent for the court to determine what shall be a reasonable fee for the services of an attorney; but that is the extent of the power of the court in that respect. It has been determined that the power to fix the fee "is a provision for the protection of the applicant for compensation in order that he may not be charged an exorbitant fee." (*Dew v. Davis et al.,* 115 Kan. 219, 222 Pac. 750.) There is a provision in the act that where a veteran and his deserted wife or children are nonresidents of the state, the deserted wife or children may bring an action against the board of compensation, and the court may determine the right of the wife or children to the veteran's compensation; but in line with the general policy of the law, the legislature provided that the court shall not allow any attorneys' fees or tax any costs in any action brought under the act, but the whole amount of compensation, or such part as the court may direct, shall be paid to the deserted wife or children. (R. S. 73-143, 73-144.) The order of the court directing the board to forward to its clerk money for the payment of an attorney's fee therefore exceeded the power of the court.

Likewise, it had no authority to order the board to transfer money to the clerk for payment of costs. The statute provides that:

"The applicant shall not be required to give security for costs, and such costs as are not assessed against applicant shall be paid by the county." (R. S. 73-131.)

The costs in this case should be adjudged against and paid by the county. (*Dew v. Davis et al.,* supra.) The compensation of the

referee for his services is to be regarded as costs and taxed to and paid by the county. (R. S. 60-2928.)

The judgment must therefore be modified, and when modified in accordance with the views expressed in this opinion it is affirmed.