No. 26,091.

PERRY H. ELWOOD, *Appellee,* v. THE KANSAS SOLDIERS' COMPENSA-
TION BOARD, *Appellant.*

SYLLABUS BY THE COURT.

SOLDIERS' COMPENSATION—*Compensation Allowed but Not Paid May Not Be
Disposed of by Will.* The statutes relating to compensation for veterans
of the World War do not permit a soldier to dispose of compensation al-
lowed but not paid before his death, by will.

Appeal from Cherokee district court: FRANK W. BOSS, judge. Opinion filed
February 7, 1925. Reversed.

*C. B. Griffith,* attorney-general, *R. E. Rosenstein,* county attorney, and
*Donald W. Stewart,* of Independence, for the appellant.

*Grant Waggoner,* of Baxter Springs, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The appeal brings up for review a judgment of the
district court awarding unpaid compensation, allowed a deceased
soldier of the World War, to the residuary legatee in his will.

After his claim of compensation had been allowed, but before
payment was made, Carl John Elwood, a soldier of the World War,
died. He left neither wife nor child, his mother was dead, and his
father was his heir at law. He left a will in which his brother,
Perry H. Elwood, was named residuary legatee, and the question is
whether the heir or the legatee is entitled to the money.

The act of 1923 relating to compensation for veterans of the World
War, passed pursuant to the referendum held in 1922, promised to
pay compensation to veterans who were honorably discharged. A
later act of 1923 declared that the intention was to pay qualified
persons who served honorably, but who died before discharge. The
interpretative statute clearly indicates that, notwithstanding death
of a soldier, privilege to receive his unpaid compensation passes to
some one. This intention is confirmed by a still later act of 1923,
which reads as follows:

"The county board shall promptly consider all claims presented and make
findings of fact on the following points, to wit: (*a*) Date of entering the
service. (*b*) Residence at said time. (*c*) Date of termination of such service.
(*d*) Kind and character of discharge or manner and method of termination
of service. (*e*) Whether claimant presented claim in person before said board.

48—117 KAN.

(*f*) If the claim is based upon the service of one who died before receiving compensation, the finding shall show the capacity of the claimant and a complete list of the names, ages, residence, address of the widow and children, if any, and the father and mother if surviving." (R. S. 73-120.)

At the special session of the legislature in 1923, an act was passed forbidding assignment or transfer of claims for compensation, either before or after allowance. At the same session provision was made for securing to his wife or widow and minor children the compensation of a soldier who failed to file application therefor, and for securing compensation to a deserted wife or child. (R. S. 73-142, 73-143, 73-144.) The statute of wills provides that any interest in personal property may be given by will. The statute of descents and distributions provides for distribution of personalty, after payment of debts, between widow and children, or to widow if no child, or to child if no widow, and if no widow or child to parents, and if one parent be dead, then to the other.

The provision prohibiting assignment or transfer of claims for compensation is broad enough, if so intended, to include transfer by will. The word "assignment" has a comprehensive meaning, and has been held to include gift of a debt by will. (*Hayes v. Hayes,* 45 N. J. Eq. [18 Stewart] 461.) The word "transfer" has a still wider meaning. It includes all translations whereby property of one person becomes the property of another, whether by descent or purchase, and a will is the common assurance of a transfer which becomes effective at death of the testator. (2 Blackstone's Commentaries, 294.) In view of the nature of the subject dealt with by the legislature and the mode of treatment in some other respects, there is good reason to believe the provision under consideration was intended to deprive a soldier of capacity to exercise dominion over the debt of the state to him in any manner, before payment. The soldier may receive; the state alone bestows.

The state pays soldiers' compensation to whom it will, and no one may receive pursuant to general statutes relating to property interests. A claimant must derive his right from the compensation act itself. This principle was applied in *In re Appeal of Ralph W. Oman, Administrator,* 115 Kan. 232, 222 Pac. 111, in which it was said the legislature intended to take compensation out of operation of the law relating to decedents' estates. Legatees are not recognized by the statute. Wives, widows and children of claimants are clearly recognized, and by inference—somewhat attenuated indeed—parents

The State, *ex rel.*, v. Turner, *Auditor*.

may take. But the compensation fund is distributed no further than the statute itself declares, and in this instance the residuary clause of the soldier's will did not include his compensation.

The judgment of the district court is reversed, and the cause is remanded for further proceedings in accordance with this opinion.

HARVEY, J., concurs in the portion of the judgment which denies compensation to the legatee.