No. 27,073.

HERBERT LEROY JELLA, *Plaintiff*, v. THE KANSAS SOLDIERS'
COMPENSATION BOARD, *Defendant*.

### SYLLABUS BY THE COURT:

MANDAMUS—*Soldiers' Compensation Board—Necessity of Honorable Discharge.*
The writ of mandamus will not be granted to compel the compensation
board to award compensation to a soldier of the World War who does not
show that he received an honorable discharge.

Original proceedings in mandamus. Opinion filed June 12, 1926. Motion
to quash allowed.

*R. E. Melvin*, of Lawrence, for the plaintiff.

*Charles B. Griffith*, attorney-general, and *Roland Boynton*, assistant at-
torney-general, for the defendant.

The opinion of the court was delivered by

BURCH, J.: Plaintiff, a soldier of the World War, petitioned for a
writ of mandamus to compel the compensation board to allow and
pay his claim for compensation. An alternative writ was issued,
and the board moves to quash the writ.

The board disallowed plaintiff's claim for the reason he failed to
establish the fact he was a resident of the state when he enlisted.
Plaintiff appealed to the district court, and after a trial the court
adjudged he was a resident of the state when he entered the service,
and was entitled to benefit of the compensation law, so far as resi-
dence was concerned. The adjudication was limited to the fact of
residence, and no order directed to the board was made. The board
then wrote plaintiff's attorney as follows:

"You are advised that through an error the official notice of disallowance
stated the claim was refused on the ground of residence, while in addition the
records indicated he had left the service and was tendered an undesirable
discharge.

"As the Kansas compensation law requires that the soldier shall have re-
ceived a desirable or honorable discharge from the service, the Kansas compen-
sation board is refusing to pay his claim. It is definitely stated in the journal
entry that the court passed on the question of residence only."

This action followed. The petition and the alternative writ based
upon it do not charge that plaintiff was honorably discharged, and

---

Bounties, 9 C. J. p. 311 n. 43. Mandamus, 38 C. J. p. 547 n. 86.

the ground of the motion to quash is that the alternative writ does not state facts sufficient to warrant granting the relief prayed for. Plaintiff contends that, since the board has denied his claim on a specified ground, and has put him to the expense of a successful appeal to the district court, it may not now assign a different reason for rejecting his claim. Conceding correctness of the contention, plaintiff comes to this court for relief of an extraordinary kind, the granting of which rests in the sound judicial discretion of the court; and plaintiff ought not to prevail without showing he possesses the primary qualification of an applicant for compensation, an honorable discharge. (R. S. 73-102.)

The motion to quash is allowed.