### No. 29,770.

R. C. SHARER, *Plaintiff,* v. THE KANSAS SOLDIERS' COMPENSATION BOARD, and CLYDE M. REED, WILL J. FRENCH, J. W. GRAYBILL, E. A. CORNELL and MILTON R. McLEAN, as Members of Said Board, *Defendants.*

(296 Pac. 729.)

Opinion filed March 7, 1931.

*Leon W. Lundblade,* of Beloit, and *Keene Saxon,* of Topeka, for the plaintiff.

*Roland Boynton,* attorney-general, and *Arthur S. Brewster,* assistant attorney-general, for the defendants.

The opinion of the court was delivered by

HUTCHISON, J.: This is an original proceeding in mandamus brought by R. C. Sharer in his individual capacity against the Kansas soldiers' compensation board to compel the board to mail the compensation warrants already issued for one hundred and fourteen World War veterans to the address stated in their applications. The alternative writ sets out that the applications of all these veterans had been allowed and the warrants duly signed and were ready to be mailed on or prior to June 6, 1930, when the board adopted certain rules and regulations with reference to mailing the warrants directly to the veterans, which rules are asserted to have been adopted without legal authority, and that there is no authority in law for the refusal of the board to mail the warrants to the address contained in the several applications, and by such refusal and unwarranted action the board is interfering with valuable contractual rights of the plaintiff.

The answer and return of the board, after admitting many of the allegations of the alternative writ, denied that the address given in the applications as the present address of the claimants was the address to which the warrants must be sent, and alleged that the plaintiff had entered into contracts with these ex-soldiers for the collection of their claims for one-third of the amount collected; that the address given in the applications was not the present address of any of the veterans, but was the same in all these applications, and in fact it was the address of the plaintiff; that the purpose of giving such address was to make it possible for the plaintiff to collect the fee which he charged for his services in presenting and collecting the claim; that the board passed the rules and regulations referred to in the alternative writ, acting neither arbitrarily nor capriciously, but in the exercise of an honest judgment and to avoid being a party to the plan devised by the plaintiff to assist him in collecting his fees.

The plaintiff now moves the court for an order granting a peremptory writ, notwithstanding the answer and return, for the reason that the answer and return does not constitute any defense to the plaintiff's cause of action.

Plaintiff urges two reasons for the sustaining of his motion: first, that the veteran who is entitled to compensation can designate the address of himself or an agent to receive the warrant; and second,

that the board has no right to change or disregard that designated address of the veteran or his agent without express authority from the veteran.

No one contends that anyone but the veteran himself can sign the warrant or collect the money thereon, but plaintiff says this can and must be done regardless of where the letter containing the warrant is sent, and that the sending of the warrant to the agent does not in any way prevent complete compliance with such necessary requirements. Plaintiff insists that the power and authority of the compensation board being purely administrative and ministerial as held in *State, ex rel., v. Davis,* 114 Kan. 270, 217 Pac. 905, it had no authority to adopt the rules and regulations with respect to the mailing of the warrant only to the present post-office address of the claimant where he now receives his mail, instead of mailing it in care of another address or to the address of another person. In the case above cited, the rule which the court found to be beyond the authority of the board was the fixing of a limit of time at which the military services of the veteran must terminate in his claim for compensation, and the court found that to have the effect of amending or modifying the statute. A similar situation existed in the case of *Hogan v. Olcott et al.,* 105 Ore. 264.

R. S. 73-105 authorizes the board to "establish and publish rules and regulations providing for the proof of claims under this act, and for the method of payment of the same; and they are hereby authorized in the general administration of this law, to establish other rules and regulations."

Is not this rule as to mailing the warrant to the present address of the claimant where he actually receives his mail instead of another address or in care of another person within the general administration of the law? If, as it is conceded, no one can sign or cash the warrant except the veteran himself, it is certainly a part of the administration of the law for the board to direct the method and manner of getting the warrant safely into the hands of the soldier. Cases are cited where the court had fixed the amount of attorney fees and directed the payment of costs, but they do not reach the question of the handling of the warrant. One class of cases only does concern the warrant, and that is under R. S. 73-145, where the court directs the board to pay the compensation to the clerk of the court for the benefit of the deserted wife and children of a soldier.

The case of *Duckworth v. Board of Compensation,* 116 Kan. 399,

226 Pac. 707, is cited by both parties and it emphasized the fact that, subject to the exception above noted, the court cannot direct the payment of this compensation money to the clerk. The court only determines the issues, and its finding is certified to the board so that the board may send the warrant or pay the money to the veteran.

A reading of the law impresses one with the evident intention of the legislature to guard with the utmost scrutiny the rights of the veteran and protect him on every hand against any diminution or deterioration of the fund, expressing in part the gratitude of the nation, as was said in *Elwood v. Soldiers' Compensation Board*, 117 Kan. 753, 232 Pac. 1049:

"In view of the nature of the subject dealt with by the legislature and the mode of treatment in some other respects, there is good reason to believe the provision under consideration was intended to deprive a soldier of capacity to exercise dominion over the debt of the state to him in any manner, before payment. The soldier may receive; the state alone bestows." (p. 754.)

The plaintiff maintains that the rules and regulations so adopted deprive him of substantial contractual rights and such a board, clothed only with administrative and ministerial power, cannot make rules which in effect abrogate the rights of citizens under our bill of rights and the fourteenth amendment of the United States constitution, referring to the rulings in the cases of *Drainage District v. Railway Co.*, 99 Kan. 188, 161 Pac. 937, and *Railroad and Light Co. v. Court of Industrial Relations*, 113 Kan. 217, 214 Pac. 797. That brings us to the most important feature in this case, viz., What are the legal rights of the plaintiff? He maintains his rights do not consist of a dominion exercised by him over the warrant other than that directed by the veteran himself that the board send the warrant to the veteran in care of the plaintiff at the address of the plaintiff. The veteran may desire to have the warrant reach him by air mail or by a special carrier or by express. Could the express company demand the delivery of the warrant because of such an order? Plaintiff does not claim any right by assignment of any amount or portion of the compensation represented by the warrant, but only a contractual right to have this pass through his hands as authorized by the soldier.

To maintain a proceeding in mandamus the plaintiff must have a particular right or interest in the claim or warrant. The mere fact that the veteran owes him will not entitle him to maintain an action

of this character. The allegations of the plaintiff as to his contractual rights approach and conform most nearly to those under a power of attorney. They go further than a mere order for physical delivery. One having a power of attorney so fully and completely represents the owner as to be able to maintain an action in mandamus. But R. S. 73-142 not only forbids the assignment of such warrants, but also specifically declares that such warrants shall not be subject to transfer or power of attorney. Of course, plaintiff does not claim his right is by virtue of a power of attorney, but as above stated a contractual right to have the warrant pass through his hands as directed by the soldier. This is not a substantial right or beneficial interest like a property right which is necessary to entitle him to bring a mandamus action.

"The provision excludes the idea that it may be claimed by and paid to creditors or to an administrator who represents them. It was a humane and beneficial provision which should be liberally interpreted in furtherance of the benevolent and humane purpose for which it was enacted." (*In re Appeal of Ralph W. Oman, Administrator,* 115 Kan. 232, 234, 222 Pac. 111.)

"Nor has the court power to require the payment of attorneys' fees to the clerk. No part of the compensation fund, all of which is derived from bonds issued under the compensation act, may be issued in the payment of fees for attorneys or legal services of any kind whatsoever." (*Duckworth v. Board of Compensation,* 116 Kan. 399, 402, 226 Pac. 707.)

"An individual may have a particular interest of his own, independent of that which he holds in common with the people at large, in the performance of a statutory duty imposed on some officer or board, and that in such cases he is not simply an indistinguishable unit of the general public, but is the possessor of a separate and peculiar right which enables him to say that he is the party beneficially interested, and so entitles him to the writ." (18 R. C. L. 327.)

See, also, *Jella v. Soldiers' Compensation Board,* 121 Kan. 360, 246 Pac. 521.

We conclude that the plaintiff's claim of contractual rights is in effect a power of attorney, which is prohibited by statute, and if less in effect than a power of attorney he is not entitled under the pleadings to maintain a proceeding in mandamus. The petition not only fails to show a sufficient right or interest in the plaintiff to maintain the action, but the answer and return sets forth the reasonableness and legality of the rules and regulations adopted by the board and other fair and equitable objections to the mailing of compensation warrants in care of another and at a different address than that of the veteran himself.

The motion to grant a peremptory writ notwithstanding the answer and return must be denied.

It is so ordered, and the writ is denied.

SMITH, J., not participating.