No. 46,301

Hutchinson National Bank and Trust Company, of Hutchinson, Kansas, *Appellant*, v. Helen M. English and The First National Bank of Hutchinson, Co-Executors of the Estate of N. F. English, Deceased Partner, and C. S. English Surviving Partner of N. F. English Construction Company; and Wilbur L. Bybee, *Appellees.*

(495 P. 2d 1011)

Opinion filed April 8, 1972.

*Kenneth E. Peirce,* of Hodge, Reynolds, Smith, Peirce and Forker, of Hutchinson, argued the cause and was on the brief for the appellant.

*John F. Hayes,* of Gilliland, Hayes and Goering, of Hutchinson, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by:

Fromme, J.: This is an appeal from a summary judgment in favor of defendants on a claim for damages alleged to have been caused by false representation and fraud of N. F. English Construction Company, a partnership. The partnership was terminated by the death of N. F. English. This claim was continued against his co-executors and C. S. English, the surviving partner. We will refer collectively to the construction company and to those united in interest in the partnership estate as English.

Prior to the time the claim was filed, the defendant-subcontractor, Wilbur L. Bybee, was discharged a bankrupt by the bankruptcy court. We will refer to him by his last name.

The trial court sustained a motion for summary judgment in favor of the defendants English on the grounds of *res judicata* in that the plaintiff's claim was or could have been adjudicated in the Bybee bankruptcy proceedings.

The plaintiff, Hutchinson National Bank and Trust Company, appeals from that order. It will be referred to as the Bank or as plaintiff.

The motion for summary judgment was lodged after answers were filed and after interrogatories were answered by plaintiff Bank. The record discloses no pre-trial order. The trial court did not explore the issues of fact raised by the answer. We will not do so. The summary judgment rests solely on whether the Bank's claim was *res judicata* by reason of the Bybee bankruptcy proceedings and this appeal will be decided on that narrow issue without examining other possible issues of fact or law raised by the answer of English.

The parties were previously before this court in a related matter in *Hutchinson Nat'l Bank & Trust Co. v. N. F. English Construction Co., Inc.*, 206 Kan. 661, 482 P. 2d 35. That case was filed in the lower court almost four years after the present case. It was disposed of on appeal about a year ago. No reason appears for the delay in processing the present case. The previous decision will be discussed later.

A very brief summary of background facts is necessary to understand the interrelationship of the parties. English was a general contractor engaged in various building projects. Bybee was in the floor covering business and entered into various sub-contracts with English. One of the building projects was the Flandreau School in South Dakota. The present claim arises out of financial arrangements for the project. From the pleadings on file it appears that Bybee sought and obtained financing from the plaintiff Bank on the basis of representations of both Bybee and English. Two months after the Bank loaned money to Bybee on the Flandreau School project Bybee filed a voluntary petition in bankruptcy. Bybee listed both the Bank and English among his creditors. Both the Bank and English filed claims and received small sums from the bankrupt estate. Bybee was discharged from all debts and claims which, by the act of congress relating to bankruptcy, were provable against his estate. This occurred on March 17, 1964.

Thereafter on January 11, 1965, the Bank filed the present claim for damages against English. Summary judgment was entered against plaintiff Bank. The trial court held that the Bank's claim against English was or could have been adjudicated in the bankruptcy court when both were claimants in the Bybee bankruptcy proceedings, and the Bank's claim against English was *res judicata* by reason of the bankruptcy proceedings. We do not agree.

When the motion was heard an affidavit was filed and it was agreed that Bybee purchased no materials for and did no work on

the Flandreau School sub-contract. It is now agreed that English owed Bybee nothing on the Flandreau School sub-contract. Since nothing was owed by English on the Flandreau School sub-contract, the sub-contract formed no basis for assets marshalled by the receiver in the Bybee bankruptcy estate. The sub-contract could form no basis for a right of off-set by English against Bybee. In addition the present claim of the Bank against English is not brought to recover an account receivable. It is a separate claim for damages alleged to have been caused by the false representation and fraud of English.

In *Jayhawk Equipment Co. v. Mentzer,* 191 Kan. 57, 397 P. 2d 342, the court said:

"The doctrine of *res judicata* is plain and intelligible, and amounts simply to this—that a cause of action once finally determined, without appeal, between the parties, on the merits, by a competent tribunal cannot afterwards be litigated by a new proceeding, either before the same or any other tribunal." (p. 61)

The term "cause of action" was used in the above case prior to the advent of the Code of Civil Procedure and is now technically the same as "claim for relief". (See K. S. A. 60-208.) This statutory change in terminology was not always adhered to by those who drafted the code. (See K. S. A. 60-308 (*b*) referring to cause of action.) The two terms have, on occasion, been used interchangeably and will be, no doubt, in the future. Nevertheless we will attempt to use the term, claim for relief, in the context of the present statute.

A doctrine closely akin to that of *res judicata* is collateral estoppel. The distinction between the two should be understood. In *Penachio v. Walker,* 207 Kan. 54, 483 P. 2d 1119, the technical difference was pointed out as follows:

". . . Courts have sometimes used the two terms synonymously and if a party is barred from relitigating a matter it can make little difference to him by what name the lethal doctrine is called. However, the two doctrines have different application and a distinction should be recognized. The doctrine of *res judicata* is a bar to a second action upon the same claim, demand or cause of action. It is founded upon the principle that the party, or some other with whom he is in privity, has litigated, or had an opportunity to litigate, the same matter in a former action in a court of competent jurisdiction. The doctrine of collateral estoppel is a bar in an action upon a different claim as to certain matters in issue which were determined in a former judgment. The distinction between *res judicata* and collateral estoppel is based on the distinction between a cause of action and issues in a cause

of action. (James, Civil Procedure, § 11.18, p. 575; 46 Am. Jur. 2d, Judgments, § 398, p. 556; 50 C. J. S., Judgments, § 593, p. 13.)" (p. 56)

This distinction should be kept in mind in determining whether the bar of *res judicata* or collateral estoppel applies in the present case.

The salutary rule of *res judicata* forbids a suitor to twice litigate a claim for relief against the same party. The rule is binding, not only as to every question actually presented, considered and decided but also to every question which might have been presented and decided. *(Topeka State Bank v. Waters,* 121 Kan. 126, Syl. ¶1, 245, Pac. 1028; *Smith v. Russ,* 184 Kan. 773, 776, 339 P. 2d 286; *Wells, Administrator v. Ross,* 204 Kan. 676, 465 P. 2d 966.) In Kansas the rule of *res judicata* is not binding and does not apply to a different claim for relief even though it may be between the same parties. *(Tidewater Oil Company v. Jackson,* 320 F. 2d 157; *Topeka State Bank v. Waters,* supra; *Smith v. Russ,* supra.) However, when a different claim for relief is filed between the same parties a collateral estoppel may be invoked as to questions and issues shown to have been actually decided in the prior action. *(Green v. Kensinger,* 193 Kan. 33, 39, 392 P. 2d 122; *Burnison v. Fry,* 199 Kan. 277, 428 P. 2d 809.)

It is readily apparent that the doctrine of *res judicata* cannot be applied to the claim for relief in damages on the basis of the Bybee bankruptcy proceedings. The present action is based on an entirely different claim for relief. It is equally apparent none of the issues in the present action were actually decided in the bankruptcy proceedings. Such a showing is required before the doctrine of collateral estoppel may be invoked.

In their brief appellees English rely almost entirely upon the earlier case of *Hutchinson Nat'l Bank & Trust Co.* v. *N. F. English Construction Co. Inc.,* supra. Their argument misapprehends this court's holding in the earlier case.

In the earlier case two accounts were involved. One, the Santa Fe account, was admittedly due from English to Bybee and was part of the assets of the bankrupt's estate. The Bank's objection was that English was permitted to set-off that debt in the bankruptcy proceedings against a larger amount owing from Bybee to English. The part of that opinion quoted by appellee relates to the Santa Fe account and is devoted to pointing out that the Bank had submitted its conflicting claim on the account to the bankruptcy court. It

could have objected to the set-off of English and did not do so. Therefore it was bound by its failure to object to the set-off.

The other account considered in the earlier opinion, the Metropolitan account, was handled differently by this court for Bybee had failed to perform the contract. Nothing was due Bybee thereon and it formed no part of the assets of the bankrupt's estate. This court disposed of the Metropolitan account by saying:

"Was there a question of fact concerning the collectibility of the assigned account in connection with the Metropolitan contract? English alleged that Bybee failed to perform the Metropolitan sub-contract; that another floor covering company was engaged in Bybee's stead, and thus no amount became due Bybee. The trial court noted that Bank states:

" '. . . it has no evidence to refute that portion of the defendant's answer stating Bybee did not perform the work which pertains to one accounts receivable involved in this case.'

"Bank makes no claim now that it has evidence to refute the allegation of English. Bank merely argues that since Bybee warranted in his assignment the account was valid, existing and collectible, English cannot deny liability thereon. The trouble is that English was not a party to such warranty. In its acceptance of the assignment, English merely agreed to make all checks in payment of the account, payable jointly to Bybee and Bank. Since it is undisputed that Bybee did not perform on the Metropolitan sub-contract nothing became due and no checks were written by English. The terms of the acceptance by English fell far short of an outright agreement between a general contractor and a bank, which created a new and direct legal right in the Bank, such as existed in *Nello L. Teer Company v. Kanawha Valley Bank* (4th Cir. 1955), 227 F. 2d 306, cited by Bank.

"Since nothing was due him, Bybee did not list the Metropolitan account in his bankruptcy schedules, thus Bybee's bankruptcy had nothing to do with the Metropolitan account. Inasmuch as Bybee never performed, the Metropolitan account never came into being as to English under the terms of his acceptance. There is nothing due Bank from English by reason of the assignment." (206 Kan. at 665.)

It is clear to us that the doctrine of *res judicata* should not bar the present claim for relief on the basis of the Bybee bankruptcy proceedings. The summary judgment in favor of English is reversed and the case is remanded for further proceedings.