No. 47,040

BARBARA J. TABER, *Appellee,* v. NEAL L. TABER, *Appellant.*

(516 P. 2d 987)

Opinion filed December 8, 1973.

*Stuart D. Mitchelson,* of Shawnee Mission, argued the cause and was on the brief for the appellant.

*Thomas Ruzicka,* of Breyfogle, Gardner, Martin, Davis & Kreamer, of Olathe, argued the cause, and *Peter A. Martin,* of the same firm, was with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: This appeal is from an order denying a second successive motion to set aside a decree of separate maintenance.

The decree was entered in Johnson County on January 25, 1972. The first motion to set this decree aside was filed on February 18, 1972, and denied on April 4, 1972. No appeal was perfected. A second motion was filed on October 16, 1972, and denied on November 9, 1972. This appeal followed.

When a court has jurisdiction of the parties to an action and of

the subject matter and renders a judgment within its competency such judgment is final and conclusive unless corrected or modified on appeal. The jurisdiction and authority of a court to enter upon inquiry and make a decision is not limited to deciding a case rightly but includes the power to decide it wrongly. The test of jurisdiction is not a correct decision but the right to enter upon inquiry and make a decision. There must be some finality in judicial decisions and it is generally held jurisdiction includes the power to decide a case wrongly. (See *Hindman v. Shepard,* 205 Kan. 207, 468 P. 2d 103, cert. den. 401 U. S. 928, 28 L. Ed. 2d 209, 91 S. Ct. 923, and cases cited therein.)

The second successive motion, filed in the same court, in the same cause of action, involving identical parties and seeking identical relief, embodied all four identities necessary to constitute *res judicata.* (*Benz v. Hines and Tarr,* 3 Kan. 390; *cf., Hutchinson Nat'l Bank & Trust Co. v. English,* 209 Kan. 127, 495 P. 2d 1011.)

In *Jayhawk Equipment Co. v. Mentzer,* 191 Kan. 57, 379 P. 2d 342, this court said:

"The doctrine of *res judicata* is plain and intelligible, and amounts simply to this—that a cause of action once finally determined, without appeal, between the parties, on the merits, by a competent tribunal cannot afterwards be litigated by a new proceeding, either before the same or any other tribunal." (p. 61.)

Therefore if the Johnson County court had subject matter jurisdiction of the separate maintenance action further inquiry by this court is foreclosed. The district courts of this state have subject matter jurisdiction of actions for separate maintenance and divorce. (K. S. A. 60-1601, *et seq.,* as amended; see also the pre-code case of *Jeffers v. Jeffers,* 181 Kan. 515, 313 P. 2d 233.)

In addition, *Neagle v. Brooks,* 203 Kan. 323, 454 P. 2d 544, holds:

"An appeal from an order denying a motion under K. S. A. 60-260 (*b*) for relief from a judgment presents for appellate review only the order of denial and not the judgment." (Syl. ¶ 1.)

"A motion for relief from a final judgment under K. S. A. 60-260 (*b*) is addressed to the sound discretion of the trial court, and upon appeal its action is reviewable only for abuse of discretion." (Syl. ¶ 3.)

"K. S. A. 60-260 (*b*) was not intended as an alternative method of appellate review, nor as a means of circumventing time limits on appeal, except where compelling considerations of justice require that course. It was not intended to provide a procedure to challenge a supposed legal error of the court, nor to obtain relief from errors which are readily correctable on appeal." (Syl. ¶ 4.)

In denying the second motion the district court held that the matters presented in the second successive motion were *res judicata.* The merits of that holding must rest on the finality of the unappealed order denying the first motion. The first order became final thirty days after it was entered. (See K. S. A. 60-2103.)

In the present case we are foreclosed from even inquiring into the question of whether the trial court abused its discretion because no appeal was taken from the order of April 4, denying the first motion. The court had jurisdiction to enter the original decree and the order denying the first motion under K. S. A. 60-260 (*b*) is now final.

The appellant Neal L. Taber urges this court to examine the facts of the present case in light of the provisions of K. S. A. 1972 Supp. 60-213 (*a*), relating to compulsory counter-claims, and other changes in our Code of Civil Procedure, relating to actions for divorce and separate maintenance.

Barbara J. Taber and Neal L. Taber were married and lived for years in Cherokee County, Kansas. On December 10, 1971, Neal filed for a divorce in that county and obtained personal service on his wife. While the divorce action was pending his wife, Barbara, moved to Johnson County and filed the separate maintenance action previously discussed. The action was filed December 22, 1971, personal service was obtained and a default decree was rendered January 25, 1972. The Johnson County court was apparently unaware of the divorce action pending in Cherokee County. The decree covered a division of property, custody of a child, and payments for support of the wife.

A motion was filed by attorneys for the wife in Cherokee County which had the effect of delaying the divorce hearing until after the Johnson County decree was entered. Then Barbara filed a motion for summary judgment in the Cherokee County divorce case based on the Johnson County decree. The Cherokee County court sustained that portion of the motion relating to the property division, child custody and support payments. Custody of the child was awarded to the husband by both courts. A notice of appeal from this summary judgment in Cherokee County was filed but was later abandoned and dismissed by the court. The record before us indicates the Cherokee court thereafter heard the divorce action and granted a divorce to the husband, Neal, on March 5, 1972.

The identical provisions for division of property and custody of the child, contained in the Johnson County decree, were incorporated in the Cherokee County decree. No appeal was perfected from the divorce decree and it is now final.

Appellant contends that certain changes were made in the Code of Civil Procedure relating to compulsory counter-claims (60-213 [a], *supra*) and relating to actions for divorce and alimony (K. S. A. 60-1601, *et seq.*, as amended) which require all claims arising out of the marital relationship to be adjudicated by the court which first obtains venue jurisdiction.

In view of the confusion and multiple litigation between the parties in this case we are tempted to examine these new statutes. We cannot approve the forum shopping and legal maneuvering which is apparent in the record on appeal. However, appellate courts do not decide academic questions merely to make a precedent when such decisions can have no effect upon the rights of those interested. (*Carr v. Diamond*, 192 Kan. 377, 388 P. 2d 591; *Guerrero v. Capitol Federal Savings & Loan Ass'n*, 197 Kan. 18, 415 P. 2d 257; see also 1 Hatcher's Kansas Digest [Rev. Ed.], Appeal and Error, § 389, p. 173, and cases collected therein.) The venue jurisdiction question is foreclosed under the peculiar facts of this case by failure in both cases to properly perfect appeals.

Therefore the order appealed from must be affirmed and we reluctantly decline the appellant's invitation to render an advisory opinion.