No. 47,516

PARSONS MOBILE PRODUCTS, INC., *Appellant,* v. WILLIAM F. REMMERT, *Appellee.*

(531 P. 2d 435)

Opinion filed January 25, 1975.

*Charles F. Forsyth,* of Erie, argued the cause and was on the brief for the appellant.

*Jack L. Goodrich,* of Parsons, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: This claim was filed by Parsons Mobile Products, Inc. (Mobile) to recover an indebtedness alleged to be due and owing from its former employee, William F. Remmert. The short petition merely alleges that Remmert owes Mobile the sum of $4,343.33 which debt was acknowledged by Remmert in a letter, a copy of which is attached to the petition.

The letter is addressed to the president of Mobile, purports to be signed by Remmert and states:

"Please refer to your letter of August 29, 1972 concerning my personal obligation to Parsons Mobile Products, Inc.

"Inasmuch as I am still a Director and Stockholder of Parsons Mobile Products, Inc., and am in no manner being consulted about any decision making processes within the company, I would like at this time to completely sever all relations with the company.

"I desire to sell the 24 shares of stock currently now owed to the company at the original purchase price of $100.00 per share. If this arrangement is satisfactory, I will remit the balance of the $4,343.33 now owing, if this is the correct balance at this time, less accumulated salaries due myself for the period July 1 through July 6, 1972.

"If this is unsatisfactory, I will continue to remit $200.00 per month, which is the only agreement ever in effect, now or at any time in the past.

"Please advise which course of action is the preferred, as soon as possible."

Apparently the offer contained in this letter was not accepted.

The defendant Remmert answered the petition alleging that all issues raised in the case could have and should have been resolved in *Parsons Mobile Products, Inc. v. Remmert,* 216 Kan. 256, 531 P. 2d 428, and that such claim is *res judicata.*

A motion for summary judgment was filed by Remmert. The trial court sustained the motion and found that the claim was, or could have been, litigated in the previous case. The plaintiff appeals.

Although the exact nature of the indebtedness is not disclosed by the pleadings filed, it is apparent from the letter attached to the petition that Remmert considered the indebtedness a liquidated amount due the corporation on which he had been paying at the rate of $200.00 per month. In contrast the case of *Parsons Mobile Products, Inc. v. Remmert,* supra, was an action to recover unliquidated damages allegedly caused by unfair competition and unlawful trade practices.

The doctrine of *res judicata* does not apply when an entirely different claim for relief is stated in a subsequent action even though the action may be between the same parties. (*Hutchinson Nat'l Bank & Trust Co. v. English,* 209 Kan. 127, 130, 495 P. 2d 1011.) No issue concerning this personal indebtedness of Remmert was pleaded and no attempt was made to recover said amount in the prior action. The letter was not introduced in evidence in the prior action to establish the indebtedness due. The application of the doctrines of *res judicata* and collateral estoppel have been explored in the recent cases of *Hutchinson Nat'l Bank & Trust Co. v. English,* supra, and *Neville v. Hennigh,* 214 Kan. 681, 522 P. 2d 443. Further discussion is unnecessary in this opinion. The doctrine of *res judicata* was improperly applied in the present case.

In further support of the trial court's order, the appellee relies on K. S. A. 1973 Supp. 60-218 (*a*) which reads:

"A party asserting a claim to relief as an original claim, counter-claim, cross-claim, or third-party claim, may join either as independent or as alternate claims as many claims, legal or equitable, as he has against an opposing party."

Appellee contends that under this statute the claimed indebtedness was or should have been joined as an additional claim in the prior action. No order of consolidation was entered by the court.

Although K. S. A. 1973 Supp. 60-213 (*a*) provides for compulsory "counter-claims" there is no similar provision in the code for compulsory joinder of "claims." K. S. A. 1973 Supp. 60-218, which re-

lates to joinder of claims and joinder of remedies, is couched in permissive terms and the statute does not require plaintiff to join separate claims in one action. In *Cadwallader v. Lehman*, 202 Kan. 738, 451 P. 2d 163, this court with reference to 60-218 (*b*) states:

". . . It is significant that the legislature employed the permissive verb 'may,' rather than the mandatory 'shall.' In our judgment the statute affords a procedure which may be used, but does not make such procedure exclusive." (p. 748.)

The Kansas Code of Civil Procedure was modeled after the Federal Rules of Procedure. K. S. A. 1973 Supp. 60-218 (*a*) is identical for all practical purposes to Federal Rule 18 (*a*). The authors of Wright & Miller, Federal Practice and Procedure: Civil, § 1582, p. 794, state "Rule 18 (*a*) is permissive; joinder of claims is not compulsory."

It should be noted that the doctrine of *res judicata* prevents the splitting of a single cause of action or claim into two or more suits. The doctrine of *res judicata* requires that all the grounds or theories upon which a cause of action or claim is founded be asserted in one action or they will be barred in any subsequent action. (Wright & Miller, Federal Practice and Procedure: Civil, § 1582, p. 795.)

In our present case two separate and distinct causes of action or claims were pursued in separate actions. The district court was in error in applying the doctrine of *res judicata*. The judgment is reversed and the case is remanded with directions to the trial court to proceed accordingly.