640

ARTHUR H. SEUTE, *Appellant,* v. AMERICAN OIL COMPANY, *Appellee.*

(594 P.2d 156)

Opinion filed May 5, 1979.

*Park McGee,* of Olathe, argued the cause and *R. Owen Watchous,* of Olathe, was with him on the brief for the appellant.

*Patrick D. McAnany,* of McAnany, Van Cleave & Phillips, P.A., of Prairie Village, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

HERD, J.: This is an appeal by Arthur H. Seute, plaintiff, from a judgment in favor of American Oil Co. (Amoco), defendant, in an action on a real estate lease for an accounting, payment of gallonage rental on diesel fuel, and for termination of the lease.

The facts reveal Seute is the owner of a tract of ground at 119th Street and I-35 Highway in Johnson County, Kansas.

Prior to February 27, 1961, Seute and Amoco entered into negotiations for the leasing of the ground for a truck stop. Seute was represented by his attorney, Harold Hammond, and Amoco was represented by Norman Hines.

On February 27, 1961, the parties finally agreed and executed the lease agreement which is the subject of this action. It provided for a primary term of ten years with four successive renewal options for five years each to Amoco. The rent was $266.54 per month during the primary term, $291.54 per month during the first renewal term, and $316.54 during the remaining renewal terms.

This controversy arises out of a provision in the lease for a gallonage rental of one-half cent per gallon for gasoline (not including napthas, stove and lighting gasolines, and like products not customarily used in motor vehicles) delivered to the premises in excess of 26,654 gallons per month. Seute claims this provision includes diesel fuel.

The lease also provides that the gallonage rental shall include any new fuel that replaces gasoline for the general use in automobiles and trucks, provided Seute's rent is reduced in excess of ten percent by such new fuel. Appellant contends, as an alternative, diesel fuel was considered a replacement fuel.

After the execution of the lease, Amoco constructed and maintained a truck stop service station on the premises, which is known as "Heart of America Truck Plaza."

The combination of Amoco's facility, completion of I-35 Highway to points southwest and the construction of a Kansas Port of Entry station at the intersection generated considerable traffic at the truck stop with a resulting increased sales of gasoline and diesel fuel. Seute sensed he had made a bad bargain and brought suit June 6, 1964, in Johnson County District Court, Case No. 33,229, against Amoco alleging Amoco was indebted to him for back rent on gallonage rental on all motor fuels delivered to the premises.

Seute filed a "Supplement to Petition" on December 9, 1966, alleging misrepresentations by Amoco regarding anticipated sales of fuel. His "Second Supplement to Petition" followed on August 30, 1967, alleging misrepresentations by Amoco on the use of the premises.

Amoco obtained a summary judgment on all of Seute's causes of action on September 20, 1967, except the issue of whether the gallonage rent provision included diesel. The court reserved the decision on the one issue and later dismissed it for lack of prosecution on June 3, 1969. No appeal was taken nor efforts made to revive the action.

Amoco assumed the controversy was resolved and exercised its option to renew the lease shortly before March 31, 1971. Between June 3, 1969, and March 31, 1971, Amoco had continued to make improvements to the facilities, which included a restaurant, three truck bays, and additional diesel pumps.

On June 28, 1974, Seute filed the instant action alleging the same causes of action asserted in the prior litigation between the parties.

The trial court found that the issues disposed of by summary judgment in case no. 33,229 were res judicata in this action. The court further found that under the terms of the lease ambiguity arose as to whether the term "gasoline" included diesel fuel and

whether diesel fuel is considered a "new fuel." Parol evidence was admitted on these points and the court found for the defendant and also found plaintiff guilty of laches for having delayed bringing his action until after the 1971 renewal date.

Seute claims error in the ruling on res judicata, the findings of fact concerning diesel fuel, invocation of the doctrine of laches and some evidentiary questions unimportant to the disposition of this case.

This case turns on three issues, the first of which is whether the factual issues are limited by the doctrine of res judicata.

We held in *Taber v. Taber,* 213 Kan. 453-454, 516 P.2d 987 (1973):

"The doctrine of res judicata is plain and intelligible, and amounts simply to this—that a cause of action once finally determined, without appeal, between the parties, on the merits, by a competent tribunal cannot afterwards be litigated by a new proceeding, either before the same or any other tribunal."

The previous action was between the same parties concerning the same facts and was fully determined, without appeal, on the merits, except for the reserved question of whether gallonage rent should be paid on diesel fuel, which was later dismissed for lack of prosecution.

We hold the doctrine of res judicata applicable to all issues disposed of on the merits in case no. 33,229, Johnson County District Court, leaving unresolved only the issues of gallonage rent on diesel fuel and laches.

The diesel fuel question involves two supplemental rent provisions in the lease, which read as follows:

(1) ". . . plus additional rental of one-half (0.5) cent per gallon for gasoline (not including napthas, stove and lighting gasolines and like products not customarily used in motor vehicles) delivered to the premises in excess of 26,654 gallons per month."
(2) "In the event that gasoline as defined herein and upon which the rental override above is based is replaced by another fuel or fuels for the general use in automobiles and trucks to the extent that Lessor's rental is reduced in excess of 10% by such replacement, Lessee agrees to base the gallonage rental upon the combination of gasoline and whatever new fuels come into usage during the term of this lease and any renewal or extensions thereof."

Seute contends diesel fuel was contemplated in both paragraphs; Amoco denies it. The trial court found the sections ambiguous and permitted the introduction of parol evidence to explain their meaning pursuant to *Quenzer v. Quenzer,* 225 Kan.

83, 587 P.2d 880 (1978); *Wood v. Hatcher,* 199 Kan. 238, 428 P.2d 799 (1967); and *Mobil Acres, Inc. v. Kurata,* 211 Kan. 833, 838-839, 508 P.2d 889 (1973), wherein we said:

"[W]here the language in which the parties have expressed themselves leaves their intention doubtful or unclear either because of the terms which are used or the manner of their arrangement, the instrument must be said to be ambiguous, in which case the facts and circumstances surrounding its execution become competent as to which one of two or more meanings were intended."

After hearing the testimony, the trial court made the following findings of fact:

(1) "The testimony regarding negotiations prior to execution of the lease in question bears directly upon the first issue; that is, whether diesel fuel is included in the term gasoline as used in the lease between the parties. Were there any ambiguity in the terms of the lease with respect to the meaning of the term gasoline, the above-described testimony would clearly establish that the parties considered these products as different fuels and did not consider 'gasoline' as a generic term which includes diesel fuel."

(2) "The fact is undisputed that diesel fuel was in general use in automobiles and trucks in 1961. It is further undisputed that during the course of negotiations plaintiff and plaintiff's counsel specifically raised the issue of diesel fuel as a separate fuel upon which a gallonage override was proposed. There is no question but that diesel fuel is not a 'new fuel' that has replaced gas. The testimony in this regard disspells the only ambiguity contained in the contract, and it is clear that plaintiff's interpretation of the lease  .  .  .   cannot prevail."

It is the law of Kansas that findings of fact of the trial court will not be disturbed on appeal if there is any evidence to support them. In *Parsons Mobile Products, Inc. v. Remmert,* 216 Kan. 256, Syl. ¶ 1, 531 P.2d 428 (1975), the court said:

"On appeal it is not the function of the appellate court to weigh conflicting evidence, pass on the credibility of witnesses or redetermine questions of fact. The reviewing court is concerned only with the evidence which supports the trial court's findings and not with the evidence which might have supported contrary findings."

We find adequate evidence to support the findings of the trial court and they will not be disturbed.

In light of the above the other points of error are irrelevant.

The judgment is affirmed.