No. 50,928

LELAND C. WAECHTER, *et al., Appellees,* v. AMOCO PRODUCTION
COMPANY, *Appellant.*

(610 P.2d 601)

Opinion filed May 10, 1980.

*Glenn D. Young, Jr.,* of Gott, Hope, Gott, Young & Saffels, P.A., of Wichita, argued the cause and was on the brief for the appellant.

*Dale M. Stucky,* of Wichita, argued the cause and the firms of Kramer, Nordling & Nordling, of Hugoton, and Fleeson, Gooing, Coulson & Kitch, of Wichita, were with him on the brief for the appellees.

The opinion of the court was delivered by

HERD, J.: This is an appeal from an order granting Leland C. Waechter and approximately 500 other named landowner-lessors, representing a class of 3,000 landowners-lessors in the Hugoton gas field, an accounting for interest on suspended royalty payments for gas sold during the period June 23, 1961, to June 23, 1966. This controversy is yet another episode in litigation which began in 1964 with the filing of this action. A history of the case is found in *Waechter v. Amoco Production Co.,* 217 Kan. 489, 537 P.2d 228 (1975), and reheard in 219 Kan. 41, 546 P.2d 1320 (1976). Appellants argue the claim is res judicata. The previous appeal will be discussed herein with its significance to this case.

In *Waechter v. Amoco Production Co.,* 217 Kan. 489, Waechter and the class sued Amoco requesting an accounting for gas produced during the period from June 23, 1961, to June 23, 1966, on the basis of 14.5 cents per Mcf at 14.65 psia instead of the lower prices actually paid to Amoco by the purchasers of the gas. The other claim was to determine whether Amoco was entitled to be repaid for over-payments of royalty it made to the landowners.

The trial court held for plaintiff on both issues. Amoco appealed. The lease between Amoco and plaintiffs provides:

"Lessee shall pay lessor monthly as royalty on gas marketed from each well one-eighth (⅛) of the proceeds if sold at the well, or, if marketed by lessee off the leased premises, then one-eighth (⅛) of the market value thereof at the well." *Waechter* at 490.

The trial court made extensive findings of fact and conclusions of law which are reproduced in their entirety at 217 Kan. 491-508. We reproduce Finding of Fact No. 39 to show what facts were before the trial court and this court on the previous appeal:

"39. As a result of such FPC approval, Pan American has paid to any or all of its royalty owners under said contract (provided such payment will not prejudice its rights under this action) for gas it had produced during the time between December 13, 1962, and April 31, 1966, the difference between the price of 12 cents per Mcf at 16.4 psia and 12.5 cents per Mcf at 14.65 psia, and since April 13, 1966, have continued to pay royalties at the rate of 12.5 cents per Mcf at 14.65 psia." *Waechter* at 498-499.

The first issue in that case was:

"Did the Defendant [Amoco] have on or subsequent to February 15, 1963, a legally enforceable claim against the landowners for a refund of royalties paid by Defendant [Amoco] by reason of the production of gas prior to December 22, 1957?" *Waechter* at 505.

The trial court held the payments were properly made and ordered Amoco to:

"account to the named Plaintiffs and class members from whom such purported refunds were received or retained for the account thereof together with interest on the amount of each of said payments or retentions from the date any such sum was received or retained to the date repayment to Plaintiffs and class members is finally made, with interest to be computed at the legal rate from time to time." *Waechter* at 506.

The second issue in that case was stated as follows:

"30. Is the lessee-producer obligated to account to the landowners for royalties computed on the basis of not less than 14.5 cents per Mcf at 14.65 psia for gas produced, delivered and transported in interstate commerce and sold to Cities Service Gas Company during the period from June 23, 1961, through June 23, 1966?" *Waechter* at 507.

The trial court held:

"37. It is therefore ordered that the Defendant account to each of the named plaintiffs and class members for gas taken on the basis of 14.5 cents per Mcf at 14.65 psia for the period of time commencing June 23, 1961, through June 22, 1966, with interest at the legal rate prevailing from time to time on the difference between the amount owed (according to this judgment) and the amount paid." *Waechter* at 508.

This court reversed the trial court on both issues and stated, with regard to the second issue:

"Appellees have been paid their share of those proceeds and the trial court erred in holding appellant liable for more." *Waechter* at 512.

The court continued at page 521:

"Appellant has not retained any money to which it was not morally entitled under all the circumstances. The trial court erred in ruling that appellant was accountable for the royalties retained by it."

A rehearing was granted and the original opinion of reversal was adhered to. *Waechter v. Amoco Production Co.*, 219 Kan. 41, 546 P.2d 1320 (1976).

The parties are again before this court, this time solely on the question of interest on suspended royalties by Amoco from June 23, 1961, to June 23, 1966. The question presented: Is res judicata a bar to Waechter's claim?

Appellees contend they filed three motions for partial summary judgment in the original proceeding. The first motion was filed October 31, 1966, and pertains to Issue Two; the second motion was filed January 4, 1967, and pertains to Issue One. The third motion for partial summary judgment was filed March 3, 1967, and states:

"COME NOW the plaintiffs and, pursuant to K.S.A. 60-256(a) and 60-257, move the Court for partial summary judgments, as follows:

"A. For an adjudication of right pursuant to K.S.A. 60-1701 with respect to gas delivered under the contract of June 23, 1950, that, under the undisputed facts in this case, defendant is obligated to account to the named plaintiffs for monthly royalties withheld by defendant and accruing by reason of production from and after December 13, 1962, through and including June 22, 1966, on the basis of at least 12.5 cents per Mcf at 14.65 p.s.i.a.

"B. For an adjudication of right that the defendant is obligated to pay interest on royalties so computed at the rate of six (6) per cent per annum, all such computations of interest to be computed on the difference between the royalties previously paid and that which would have been paid had such royalties been computed on the basis of 12.5 cents per Mcf at 14.65 p.s.i.a., such interest in each case to be computed from the time when said monthly payment is finally actually made.

"C. For ancillary relief implementing A and B above, consisting of an order directing the defendant as to all named plaintiffs who have not been paid royalty on the basis set forth in A, together with interest as to all named plaintiffs as set forth in B, to pay all such sums into Court subject to the further order of the Court.

"In support of this motion, plaintiffs show to the Court that there are approximately 200 named plaintiffs permitted to become parties to this suit by order of this Court after September 3, 1966, who have not been accounted to on such

minimum basis, although defendant has accounted to other named plaintiffs on such basis, without prejudice to their remaining claims. In support of paragraph b of the motion, plaintiffs show to the Court that it is undisputed that no accounting has been made by defendant for interest to any plaintiff. That interest is due and owing is established by the following authorities: K.S.A. 60-201; *Smith Bros. v. Hanson,* 106 Kan. 32, 187 P.2d 262; *Potts v. Lux,* 168 Kan. 387, 214 P.2d 277; *Northern Natural Gas Co. v. Republic Natural Gas Co.,* 172 Kan. 450, 241 P.2d 708; *Kansas Power & Light Co. v. Hugoton Production Co.,* 251 F.2d 946 (10th Cir.)."

None of the three motions were directly ruled on, except as reflected in the findings of fact and conclusions of law. Appellees contend the first and second motions were sustained and no action was taken on the third motion. The renewal of the third motion is the basis for the instant action. Appellees state the trial court "granted [them] judgment on their additional claim that [they] were entitled to payment from [Amoco] on the basis of the market value of the natural gas, found to be 14½ cents per Mcf at 14.65 psia." Appellees urge that trial court finding number 37, reproduced herein, shows that the "interest" the trial court referred to was an award of prejudgment interest on appellees' market value claims. They claim that award precluded the trial court from considering appellees' market value claims and also precluded the trial court from considering appellees' additional claims for interest on the suspended royalties.

Appellant argues that appellees requested interest on suspended royalties in their March 3, 1967, motion for partial summary judgment (which we have designated the third motion) and the issue was disposed of in the trial court's conclusion No. 37. Appellant further contends it presented the issue of interest on suspended royalty in its brief in the original case where it stated:

"Here, there was an honest disagreement existing between the parties arising out of the appellees' separate claims, the alleged damages were unliquidated, and moreover, the record supports the appellant's position that royalty owners were timely and properly paid, foreclosing any right of the plaintiffs to prejudgment interest."

Appellant further claims the interest allowed by the trial court encompassed and included the interest sought by appellees in their motion for summary judgment on suspended royalty.

Appellant argues that as further evidence this court had before it the issue of interest on suspended royalties in the decision in the previous appeal, it submitted points 14 and 15 in its Original Statement of Points upon which Appellant Intends to Rely:

"14. It was error to order the defendant to account to named plaintiffs and class members for gas taken on the basis of 14.5 cents per Mcf at 14.65 psia for the period June 23, 1961 through June 22, 1966, with interest on the difference between the amount owed (according to judgment) and the amount paid.

"15. It was error to ignore evidence that such price was not received or retained by defendant for said period; that only 10.7195 cents per Mcf at 14.65 psia from June 23, 1961 to December 13, 1962 and 12.5 cents per Mcf at 14.65 psia was the actual price received only from December 13, 1962 through June 22, 1966 and that increases in price were not paid promptly by Cities Service; that defendant's royalty owners for all periods involved have been paid the exact same prices that defendant has been paid."

Appellant argues in the alternative that if the trial court failed to rule on the third motion for partial summary judgment pertaining to interest on suspended royalty, appellees were bound to cross-appeal from the judgment for the omission because the issue was clearly before the court and appellees are thereby bound by the judgment of the trial court. Appellees' response to that argument is that the court could not have granted the request for interest at that time as it would have been granting double interest on the same principal.

The issues are clearly presented. Was the question of interest on suspended royalty before this court in the previous appeal? If it was, is the issue res judicata in this action?

We find the question of interest on suspended royalty was clearly and firmly presented in the trial court in the previous action. We find the trial court clearly and succinctly ruled on the issue in its Conclusion No. 37, previously quoted, ordering "interest at the legal rate prevailing from time to time on the difference between the amount owed . . . and the amount paid." That language plainly shows the trial court ruled the royalty owners were entitled to interest at the legal rate on all suspended royalties. That issue was brought before this court in the original appeal and was considered and reversed. The issue is one which has been previously litigated and ruled upon.

We have dealt extensively with the law of res judicata and collateral estoppel in several recent cases.

In *Seute v. American Oil Co.,* 225 Kan. 640, 594 P.2d 156 (1979), the court stated at 642:

"We held in *Taber v. Taber,* 213 Kan. 453-454, 516 P.2d 987 (1973):
'The doctrine of res judicata is plain and intelligible, and amounts simply to

this—that a cause of action once finally determined, without appeal, between the parties, on the merits, by a competent tribunal cannot afterwards be litigated by a new proceeding, either before the same or any other tribunal.' "

In *Wells v. Davis,* 226 Kan. 586, 603 P.2d 180 (1979), we stated at 589:

"In *Hutchinson Nat'l Bank & Trust Co. v. English,* 209 Kan. 127, 130, 495 P.2d 1011 (1972), we stated:

'The salutary rule of *res judicata* forbids a suitor to twice litigate a claim for relief against the same party. The rule is binding, not only as to every question actually presented, considered and decided but also to every question which might have been presented and decided. [Citations omitted.] In Kansas the rule of *res judicata* is not binding and does not apply to a different claim for relief even though it may be between the same parties. [Citations omitted.] However, when a different claim for relief is filed between the same parties a collateral estoppel may be invoked as to questions and issues shown to have been actually decided in the prior action. [Citations omitted.]' "

We hold in this case res judicata is a bar to recovery. The parties to the action are the same as in the previous claim and the issue of suspended royalties and interest thereon was clearly before the court and was decided.

The judgment of the trial court is reversed.