**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 12, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHARLES PATRICK COSGROVE,

Plaintiff–Appellant,

v.

KANSAS DEPARTMENT OF SOCIAL
AND REHABILITATIVE [sic]
SERVICES; DONNA WHITEMAN;
MICHAEL VANLANDINGHAM; LOIS
MITCHELL; SYDNEY KRAFT;
ALBERTA BRUMLEY; DELMAR
BRUMLEY,

Defendants–Appellees.

No. 10-3274
(D.C. No. 2:07-CV-02125-SAC-GLR)
(D. Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **McKAY**, and **MATHESON**, Circuit Judges.

---

Plaintiff Charles Cosgrove appeals from the district court's dismissal of his § 1983

case on various grounds. In his pro se § 1983 complaint, Plaintiff alleged his civil rights

were violated when as a young child he was removed from his biological parents' custody

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and placed with abusive foster parents. Plaintiff alleged he was kept in the abusive foster home for over eight years despite repeated complaints made by Plaintiff, his biological parents, and others, finally being removed in 1992 only after another child in the home died as a result of extreme physical abuse. This action was filed against the abusive foster parents, the Kansas Department of Social and Rehabilitation Services, and four State officials in both their individual and official capacities. The district court dismissed the complaint based on, inter alia, the doctrine of res judicata and the failure to allege a cognizable claim for relief under § 1983.

We first consider the district court's dismissal of most of Plaintiff's claims on res judicata grounds, reviewing this decision de novo. *See Mactec, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005). The instant complaint is nearly identical to a state-court complaint Plaintiff filed in 2004, differing in only two substantive ways: (1) it includes the phrase "sexual abuse," and (2) it names the State employees in their individual as well as official capacities. The 2004 state-court complaint was dismissed with prejudice based on the applicable statutes of limitations, and the district court concluded that it had preclusive effect as to all of Plaintiff's claims except his claims against the State employees in their individual capacities.

As the district court correctly noted, the preclusive effect of the 2004 state-court judgment is determined by Kansas law. *See Jarrett v. Gramling*, 841 F.2d 354, 356 (10th Cir. 1988) ("The claim-preclusive effect of a state-court judgment in the context of a subsequent suit in federal court under § 1983 is therefore determined by state law.").

-2-

Under Kansas law, res judicata prevents relitigation of previously litigated claims when the following four elements are present: "(1) same claim; (2) same parties; (3) claims were or could have been raised; and (4) a final judgment on the merits." *Winston v. Kan. Dep't of Soc. & Rehab. Servs.*, 49 P.3d 1274, 1285 (Kan. 2002). Plaintiff concedes the state court's dismissal of the 2004 complaint based on the statute of limitations was a final judgment on the merits, and we therefore consider only the application of the first three elements to this case.

"The test for determining whether the claims for relief are the same is whether the primary right and duty and delict or wrong is the same in each action." *Dexter v. Brake*, 269 P.3d 846, 853 (Kan. Ct. App. 2012). "It should be noted that the doctrine of *res judicata* prevents the splitting of a single cause of action or claim into two or more suits. The doctrine of *res judicata* requires that all the grounds or theories upon which a cause of action or claim is founded be asserted in one action or they will be barred in any subsequent action." *Parsons Mobile Prods., Inc. v. Remmert*, 531 P.2d 435, 437 (Kan. 1975). In this case, the 2004 complaint alleged the same primary right and duty as the instant complaint—the constitutional right of children in state custody to be "reasonably safe from harm" and the duty of state officials to exercise professional judgment in foster care decisions. *Yvonne L. v. N.M. Dep't of Human Servs.*, 959 F.2d 883, 893 (10th Cir. 1992). The complaints also alleged the same primary wrong—Plaintiff's placement from 1984 until 1992 in a foster home where there was a pattern and practice of abuse. The fact that Plaintiff did not explicitly mention sexual abuse in his earlier complaint does not

create a new claim under the circumstances of this case. Plaintiff's allegations of sexual abuse could have been raised in the 2004 complaint and are part of the same cause of action, and we therefore conclude that both the first and third elements of the Kansas claim-preclusion test are satisfied in this case.

As for the second element, the instant complaint lists all of the same Defendants as the 2004 complaints, but it differs from the earlier complaints in that it raises claims against the four State officials in their individual as well as official capacities. Kansas follows the Restatement view that "a party in an action in one capacity is not bound by or entitled to the benefits or rules of res judicata in a subsequent action in which he appears in another capacity." *Betz v. Farm Bureau Mut. Ins. Agency*, 8 P.3d 756, 759 (Kan. 2000) (citing Restatement (Second) of Judgments § 36 (1982)). Thus, the district court correctly held that Plaintiff's claims against the State officials in their individual capacities—and only these claims—were not barred by the doctrine of res judicata.

Although the district court concluded that Plaintiff's individual-capacity claims against the four State officials were not barred by res judicata, the court concluded that these claims should be dismissed because they failed to state a plausible claim for relief under § 1983. We review this conclusion de novo. *See Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

Plaintiff's complaint alleged violations of his Eighth Amendment, equal protection, and due process rights. As for Plaintiff's Eighth Amendment claim, the Eighth Amendment's protections do not apply to children in foster care, who are instead

-4-

protected by the "Fourteenth Amendment right to reasonable protection from physical harm." *Yvonne L.*, 959 F.2d at 893; *see also Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979). We therefore affirm the district court's dismissal of this claim. As for the remaining claims, the district court concluded that the allegations in Plaintiff's complaint were insufficient to support a claim for relief. Specifically, Plaintiff's equal protection claim was not supported by any allegations regarding his membership in a defined class or Defendants' different treatment of similarly situated individuals, and his due process claim was not supported by allegations specifically linking each Defendant to the alleged violation of Plaintiff's constitutional right to be reasonably safe from harm while in foster care. We agree that Plaintiff's complaint does not contain sufficient specificity to state a plausible claim for relief under *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009), and we therefore affirm the dismissal of these claims as well.

The district court's order of dismissal is **AFFIRMED**.


Entered for the Court


Monroe G. McKay
Circuit Judge