## L. C. CHALLISS, *et al.*, v. HEADLEY & CARR, *et al.*

1. PRACTICE; *Motion — What it reaches.* On the hearing of a motion to set aside as void a decree in a suit to foreclose a mortgage, after service by publication, only those reasons stated in the motion are proper subjects of consideration.

2. ERRONEOUS DECREE—*Effect of.* That such a decree contains a personal judgment for money, even if unauthorized, would not avoid the order of foreclosure and sale.

3. ——— *Motion to Vacate.* Where a motion is made to set aside an entire judgment, if any portion is valid and regular, the motion should be overruled.

4. ——— *Proceedings after Judgment.* On a motion to set aside a judgment as void, no inquiry can be made into the validity of the subsequent proceedings.

5. RECORD; *Alterations made by Clerk.* Entries made on the margin of a final record, by the clerk, at the instance of the attorneys in the case, are without authority, and do not change the record in the least.

### *Error from Atchison District Court.*

TWO ACTIONS were brought by *L. C. Challiss* in the Atchison district court. In No. 152 *James A. Headley* and *Joseph P. Carr* were defendants; the petition was filed in December

1861, an order of *attachment* sued out and served, and service by publication, the answer-day being June 14, 1862. In the other suit, No. 271, said *Headley* and *Carr*, and Rosaline P. Carr, Lizzie P. Abbott, Thomas Wise, and Wm. Crookham were defendants. This last action was to foreclose a mortgage executed by James A. Headley, Joseph P. Carr and Rosaline P. Carr; the petition was filed July 22, 1862, and also an affidavit to obtain service by publication. In case No. 152 due proof of publication was filed. In No. 271, (the *foreclosure* case,) an affidavit showing publication was also filed, but the "publication notice" attached was the notice in the *attachment* case, No. 152. Both cases were docketed, both tried at the September Term 1862, and judgment given in each in favor of the plaintiff, *L. C. Challiss*. In No. 271, the foreclosure case, an order of sale was issued, the mortgaged premises duly advertised and sold, and bought in by the plaintiff. The sale was confirmed in February 1863, a deed made to the purchaser, who afterwards conveyed the lands to *Wm. L. Challiss*. On the 12th of June 1871 a motion was filed on the part of said *James A. Headley* and *Joseph P. Carr*, and parties claiming under them, to set aside said foreclosure decree, and sale thereunder. Said motion is as follows:

[TITLE.] "And now come said defendants, and move the court to set aside and hold for naught the pretended judgment rendered in the above entitled cause on the 27th day of September 1862, and all proceedings had thereunder, for the following reasons, to-wit: 1st.–Said district court had no jurisdiction of the person or property of the defendants herein at the rendition of said judgment. 2d.–Said judgment is absolutely null and void, in this, to-wit—that at the time said suit was commenced, and until the same had been prosecuted to final judgment, and long subsequent thereto, said defendants were within the lines of the confederate states, so-called, and wholly without the jurisdiction of said court. 3d.–There was no affidavit for publication, as required by law. 4th.–There was no notice of publication, as required by law. 5th.–There was no proof of publication made before any officer authorized to administer oaths. 6th.–There was no

service, either actual or constructive, on said defendants, or either of them."

Said motion was heard at the June Term 1871. The record shows that on such hearing—

"Said L. C. Challiss and Wm. L. Challiss thereupon produced in court said A. P. Cochran, printer, and offered to make proof of the publication of a proper notice of said action No. 271 in the *Atchison Union*, a weekly newspaper printed by him in said county in the year 1862, for six consecutive weeks next following July 22d, 1862; but the court refused to allow any such proof to be offered, or received, to which ruling said parties then each duly excepted."

The other objections to the judgments are like those made in the case of *Foreman v. Scott*, ante, p. 674. The court held that the judgment was void, and set it, and all proceedings thereunder, aside—and the plaintiff and his grantee bring the case here by petition in error.

*Otis & Glick*, for L. C. Challiss, plaintiff.

*W. W. Guthrie*, for William L. Challiss.

*Horton & Waggener*, for defendants in error.

The opinion of the court was delivered by

BREWER, J.: Some of the questions in this case are identical with those in the case of *Foreman v. Scott*, just decided, and therefore we need not consider them in this. There are also some different questions which will require examination. It is objected as against the decree that it contained a personal judgment for money, and an order for an execution for the amount, if any, unsatisfied by a sale of the mortgaged premises. Conceding this to be unauthorized, it would not affect the validity of the decree for foreclosure and sale, nor authorize a setting aside of the whole judgment and decree. No motion is made to set aside a portion. The motion goes to the whole. It will be time enough to consider this question when that portion of the entire entry is directly attacked.

Again, it is insisted that upon the sale of the mortgaged

premises a deed was given, when there should have been only a certificate of sale according to the redemption act of June 4th, 1861. Such a deed, it is claimed, is absolutely void. Conceding that to be true, and the question cannot be litigated and settled on this motion. If the judgment and decree be valid, defects in the subsequent proceedings cannot be inquired into on a motion to set aside the judgment. More than that, no suggestion of or reference to either of these two points is made in the motion. It is based upon altogether different matters.

The notice of publication needs to be noticed. There were two cases of "Challiss v. Headley & Carr," one of attachment, and the other of foreclosure. The service in each was by publication. It seems from the record before us that the notice in the attachment was filed in the foreclosure suit, and entered in its final record. So far as any entries made by the clerk, on the margin of the record, at the instance of the attorneys, is concerned, they amount to nothing, and do not change the record in the least. All we decide in regard to this notice, is, that if a mistake was made, by filing the wrong notice in the foreclosure suit, this mistake may be corrected and the proper notice with proof of its publication be now supplied.

The order of the district court will be reversed and the case remanded with instructions to permit the amendments to be made, the motion afterwards to be decided according to the principles here laid down.

All the Justices concurring.