JAMES A. HEADLEY, et al., v. LUTHER C. CHALLISS.

1. MOTION FOR REHEARING; *Questions Considered.* Where a case has once been submitted and decided, this court will not, as a rule, upon a motion for a rehearing consider any question not presented upon the original hearing.

2. STARE DECISIS; *Rule Extends to all Questions Included in Decision.* Where a case is brought a second time on error to this court, the first decision will be deemed the settled law of the case, and will not be made a subject of reëxamination.

3. ———— This rule extends not merely to all questions actually presented by counsel, but to all questions existing in the record, and necessarily involved in the decision.

4. ———— Hence, where a defendant in a judgment, upon whom the only service had been by publication, made a motion to set aside the judgment as void, because rendered without any legal service, or any jurisdiction over the defendant, and upon the hearing of such motion the plaintiff asked leave to correct the notice and proof of publication, which leave was refused, and the motion of the defendant to set aside the judgment sustained, and thereupon the plaintiff prosecuted a proceeding in error to reverse such ruling, upon consideration whereof this court decided that leave ought to have been

given, and remanded the case with instructions to grant leave to the plaintiff, as asked, and thereafter the defendant moved for a rehearing on the ground then 'first presented to this court, that the affidavit for publication was totally defective, and hence that the ruling of the district court was correct and should be sustained, whether the notice and proof of publication. were corrected or not, and such motion was overruled for the reason given in the first paragraph of this syllabus, *held*, that the defendant was, as to the matter of the affidavit, concluded by such decision, and the question is not open to reëxamination in a second proceeding in error upon the same record, with the corrected notice and proof of publication.

*Error from Atchison District Court.*

THIS case was here before, and is reported in 9 Kas. 684, where a full statement of the facts will be found. It was brought here then by *Challiss*, who complained of the order of the district court overruling his motion for leave to correct a record by supplying a certain "proof of publication," which should have been filed in 1862. This court reversed the order and decision of the district court, and sent the case back with instructions to the district court " to permit the amendments to be made, the motions [of *Headley* and others, to set aside the original judgment,] afterward to be decided according to the principles" laid down in such decision in 9 Kas. 686, 687. The case being remanded, the district court, at the June Term 1873, allowed the record to be amended, in accordance with *Challiss'* motion; and thereafter, at the June Term 1874, the motions of *Headley* and others, to set aside said judgment of September 27th 1862, again came on for hearing, and were overruled and denied. From this last decision *Headley* and others now appeal, and bring the case here for review.

*A. H. Horton,* and *B. P. Waggener,* for plaintiffs in error:

We now bring said proceedings of the court below here for review, and ask this court to reverse the action and decision of the district court, and to instruct the said court to vacate and set aside the said judgment of September 27th, 1862, as the same is void. Said judgment was obtained

without any affidavit being filed before service was commenced, or had by publication, stating "that service of summons cannot be made within this state on the defendants to be served. Code of 1859, § 79; Code of 1868, § 73. The defect in the affidavit is fatal. The law is explicit and peremptory, and there is no way of evading it. Without the affidavit, the attempted service by publication is a nullity. *Shields v. Miller*, 9 Kas. 390, 398.

When the case was in this court at the January Term 1872, it was here at the instance of Challiss *only*, and the court merely passed upon the error of the district court in refusing to permit the said Challiss to file proper notice in the foreclosure suit, and to supply proof of publication in same case. At the July Term 1873, we made a motion to reargue the cause, but this court then refused, and such refusal did not go to the merits of the motion. We then understood that, as the motions could be heard *de novo* in the district court, on the remanding of the case to that court, and the filing of the amendments and corrections of the record, that we would have full opportunity to present to the district court the matters now suggested, and if then overruled, we could bring the case to this court for review. This we have done. We never have had a decision of this court upon the matters and record now presented — and we do not think we are to be denied a hearing now. This is the first opportunity we have had to present the fatal defects in the affidavit for publication to this court, and we have a right to a decision thereon.

Again, we also claim that the district court erred in permitting the pretended amendments and corrections to the original record in this case. Instead of filing the right notice in the suit, and of supplying the proper notice with proof of its publication, the court permitted the affidavits of Mr. Glick and Mr. Cochran to take the place of the "publication notice" and of the *proof* of its publication. These affidavits are made *ten years* after the original papers and affidavits (if any there were,) were made and filed; and

is it possible that service by publication is to be upheld and sustained in this way? The record shows that only publication and proof thereof was had in the attachment case of Challiss v. Headley & Carr, and now the record is contradicted by affidavits made ten years after the entry of the case. A void judgment may be vacated and set aside at any time, on motion of the defendant: *Foreman v. Carter*, 9 Kas. 674.

*W. W. Guthrie*, for defendant in error.:

1. We insist that no question is presented in this record not previously decided in some stage of this case by this court, adversely to reversal of this last decision.

2. It is now claimed that the affidavit for publication of July 24th 1862, in the original record, is fatally defective. So counsel complained in his original case, and again made this objection the special ground for reconsideration on his motion for reargument in July 1873. This affidavit stands now as it stood then, and has been *twice sustained* in this court. For, certainly, if this affidavit is a nullity, and as such makes the judgment and proceedings void, then the decision of the district court in 1871, in deciding the judgment void, was clearly right; and the proceedings thereon held erroneous, being subsequent in order to this affidavit, could not be erroneous if the entire proceeding was a nullity *for want of jurisdiction.* Hence, when the district court overruled this motion at June Term 1874, it did just what this court had advised. The case at bar is unlike that of *Shields v. Miller.* Here there was jurisdiction by the commencement of the action, and the service of a summons on three of the six defendants, before attempted service by publication. An action was then duly pending. (Code of 1859, § 62.) In *Shields v. Miller* the action rested alone on the proceeding for constructive service.

The opinion of the court was delivered by

BREWER, J.: This is a proceeding in error to review the decision of the district court overruling a motion to set aside a judgment. The judgment was rendered in an action to

foreclose· a mortgage, and upon service only by publication. This case has been once before to this court. (*Challiss v. Headley,* 9 Kas. 684.) Upon abundant authority, and well-settled principles, the decision at that time has become the established law of the case. *Phelan v. City of San Francisco,* 20 Cal. 40; *Polack v. McGrath,* 38 Cal. 666; *Yates v. Smith,* 40 Cal. 662; *McKinlay v. Tuttle,* 42 Cal. 570; *Washington Br. Co. v. Stewart,* 3 How. 413; *Booth v. Commonwealth,* 7 Metcalf, 286; *Hosack's Ex'rs v. Rogers,* 25 Wend. 313; *Mason v. Mason,* 5 Bush. (Ky.) 187. Whatever therefore, was at that time decided, is not now a matter for reëxamination. Nor is this limited to the mere questions noticed in the opinion, nor indeed to the actual matters presented by the respective counsel, and considered by the court. It extends to all matters actually existing in the record, and necessarily involved in the decision. Thus, in the case from 3 Howard, cited above, a question was raised as to the jurisdiction of the court, but as the case had once before been taken to the court, and a decision rendered upon the merits, the question of the jurisdiction was held to be also settled, although as a matter of fact it had not been considered; and this, because jurisdiction is involved and assumed in an inquiry into and a decision upon the merits. See also the cases above cited from 7 Metcalf, 25 Wend., 5 Bush., and 38 Cal.

The motion in the district court was to set aside the judgment for want of service. The question presented to the court, and passed upon when the record was brought here before, was as to the right to amend the record by supplying the correct notice and proof of publication. There had been two cases between the same parties, and in the record of this case had been introduced the notice and proof belonging to the other. The district court held that this amendment could not be made. This court reversed such ruling, and decided that the amendment ought to be permitted. Now, while the motion filed was broad enough to include and did specifically mention the insufficiency of the affidavit, the principal matter now presented, yet the attention of this court was not called

to it, and the case was decided upon the points just noticed. Subsequently, the learnéd counsel for the Headleys moved for a rehearing, upon the ground specifically that the affidavit was fatally defective, and that hence the decision of the district court ought to be sustained, whether there was error or not in refusing leave to amend — for, though the notice and proof of publication were beyond exception, if the affidavit therefor was fatally defective, the service was bad, jurisdiction was not acquired, and the motion to set aside ought to have been sustained. This motion was overruled, upon the ground, as counsel correctly suppose, that the question raised was a new question, not presented by brief or argument of counsel at the first hearing. For while this court may in its discretion, and in furtherance of justice, upon a motion for a rehearing examine into new questions, and upon them modify or revise its rulings, yet it is purely a matter of discretion, and not of legal right; and the court will seldom examine beyond the questions already presented. A party may not settle the law of his case by piecemeal before this court, any more than he may settle the facts in that way before the district court. When the case is tried, he must be prepared to present his entire claim, or his entire defense. Now, the sufficiency of the affidavit was a question actually existing, and apparent upon the record, and really involved in the decision, for an error in refusing leave to amend a record works no substantial injury to a party when the record as amended would be equally void. Upon these considerations, and upon these alone, we hold that the record of the case and judgment, as presented, must be sustained, and the ruling of the district court affirmed. As to the nature of the amendments made, and proof offered in support of the record, we think it unnecessary to more than refer to the opinions in this case when here before, and the similar case of *Foreman v. Carter*, 9 Kas. 674.

The judgment will be affirmed.

All the Justices concurring.