No. 34,478

CON HICKS, *Appellee*, v. THE KANSAS SOLDIERS' COMPENSATION BOARD, *Appellant*.

No. 34,479

HENRY PICKENS, *Appellee*, v. THE KANSAS SOLDIERS' COMPENSATION BOARD, *Appellant*.

No. 34,480

JESSE HAYS, *Appellee*, v. THE KANSAS SOLDIERS' COMPENSATION BOARD, *Appellant*.

No. 34,481

NARAH J. SPIGENER, *Appellee*, v. THE KANSAS SOLDIERS' COMPEN-SATION BOARD, *Appellant*.

No. 34,580

OSCAR FREEMAN, *Appellee*, v. THE KANSAS SOLDIERS' COMPENSATION BOARD, *Appellant*.

No. 34,581

JAMES ADAMS, *Appellee*, v. THE KANSAS SOLDIERS' COMPENSATION BOARD, *Appellant*.

No. 34,582

WILLIE M. LONG, *Appellee*, v. THE KANSAS SOLDIERS' COMPENSATION BOARD, *Appellant*.

(96 P. 2d 618)

Opinion filed December 9, 1939.

*Jay S. Parker*, attorney general, *E. V. Bruce*, assistant attorney general, *Lester M. Goodell*, special assistant, and *Robert A. Schermerhorn*, county attorney of Geary county, for the appellant.

*C. L. Hoover* and *James P. Coleman*, both of Junction City, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: These were claims for compensation under our soldiers' compensation law (Laws 1921, ch. 255; Laws 1923, ch. 200, and acts amendatory thereof and supplemental thereto; G. S. 1935, ch. 73, art. 1). On appeal from the soldiers' compensation board they were tried separately in the court below, but have been consolidated here because the legal question argued is the same in each of them. Each of the claimants was able to make a showing in the trial court, by parol evidence, that he was a resident of the state of Kansas at the time he entered the service of the federal government in the World War, but in each case the records of the war department of the federal government show that the claimant entered the service from a place in a state other than Kansas, and at the time gave that place as his bona fide residence. In No. 34,478 the claimant, Con Hicks, entered the army service of the United States government for the World War from Indianapolis, Ind., and gave that place as his bona fide residence at the time, and the state of Indiana was given credit for his services. The claimant, Henry Pickens, in No. 34,479, gave Rome, Ga., as the place of his bona fide residence when he entered the army, and that state was given credit for his services. James Hays, claimant in No. 34,480, entered the army service from Texas and gave Marlin, Tex., as his bona fide residence when he entered the service, and the state of Texas was given credit for his services. Narah J. Spigener, claimant in No. 34,481, entered the army from Ohio and gave Cincinnati, Ohio, as his bona fide residence at the time, and the state of Ohio was given credit for his services. Oscar Freeman, claimant in No. 34,580, entered the army service from Michigan and gave Detroit, Mich., as the place of his bona fide residence at that time, and the state of Michigan was given credit for his services. James Adams, claimant in No. 34,581, entered the army service from Georgia and gave Brunswick, Ga., as the place of his bona fide residence at that time, and the state of Georgia was given credit for his services. Willie M. Long, claimant in No. 34,582, entered the army service from Kentucky and at that time gave Stamping Ground, Ky., as the place of his bona fide residence, and the state of Kentucky received credit for his services. The trial court allowed the several claims for compensation, and the soldiers' compensation board has appealed.

The legal question presented is the validity and application of chapter 280, Laws 1939. Under our soldiers' compensation act

(Laws 1921, ch. 255, and Laws 1923, ch. 200) payment was to be made, if the claimant otherwise was qualified, to one who served in the World War in any branch of the army, navy or marine corps of the United States, "who was a resident of the state of Kansas at the time of entering the service." By chapter 280, Laws 1939, it was provided, among other things:

"The term 'resident of the state of Kansas,' as used in this section, means any individual who gave the state of Kansas, or any specific place in this state, as his or her place of residence at the time of entering the military or naval forces of the United States. . . . The proof of such residence shall be the official records on file in the war and navy departments of the United States."

The validity of this statute was considered in *Richardson v. Soldiers' Compensation Board*, 150 Kan. 343, 92 P. 2d 114. It was there held to be valid, and also held to be applicable to cases then pending before the compensation board or the courts, or those to be filed later. Appellant relies upon the holding of the court in that case for reversal in these cases. Appellees concede the position of appellant is correct if the Richardson case is to be followed, but argue that the Richardson case was incorrectly decided and that the legislature had no authority to make the records of the war and navy departments of the United States controlling evidence on the question of the residence of claimants when they entered the service. That question was fully considered in the Richardson case, and is considered again now in the light of the briefs and argument of appellees. It is pointed out in the Richardson case that this was a rule of evidence which the legislature was competent to make. Indeed, it is a legislative interpretation of the original act providing for such compensation which the courts might have given to it in the first place. We are entirely satisfied with the conclusion reached on this subject in the Richardson case. In harmony with what was there said none of the claimants here being considered is entitled to receive compensation.

The judgment of the court below in each case is reversed with directions to deny the claim for compensation.