No. 34,796

John L. Vickers, *Appellant*, v. Kansas Soldiers' Compensation Board, *Appellee*.

(102 P. 2d 1003)

Opinion filed June 8, 1940.

*Richard L. Becker,* of Coffeyville, and *Simeon Webb,* of Pittsburg, for the appellant.

*Jay S. Parker,* attorney general, *E. V. Bruce,* assistant attorney general, and *Clement H. Hall,* county attorney, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This was a soldiers' compensation case. Claimant, who was denied compensation, has appealed.

The question involved is whether the record shows he is entitled to compensation under our statute (G. S. 1935, 73-102), as amended by chapter 280, Laws 1939 (1939 Supp. 73-102). The 1939 statute provides that no payment shall be made to any person who has received a bonus, gratuity or compensation, of a nature similar to that provided by our statute, from any other state of the United States. It also provides that a "resident of the state of Kansas," as used in our soldiers' compensation act, shall mean one who gave the state, or some place within it, as his place of residence at the time he entered the military service, and that proof of such residence shall be the official records on file in the war and navy departments of the United States. The validity of this statute, and its application to the then pending case, came before this court for consideration in *Richardson v. Soldiers' Compensation Board,* 150 Kan. 343, 92 P. 2d 114, where the statute was examined and held to be valid. In commenting upon the provision of the statute that no payment should be made to one who had received a similar payment from another state the court expressed the view that perhaps the legisla-

ture had in mind a bonus or similar payment received from another state, in which, in order to obtain such payment, the claimant would be compelled to show he was a resident of that state at the time he entered the service. Upon this construction the appellant contends the trial court was in error. Even with that construction we think there was no error in the ruling of the trial court. The claimant in this case was born and reared in Ohio, and enlisted from that state in the United States Army in January, 1902, and continued in the service of the United States Army by reënlistment until after the close of the World War. Each reënlistment was within such time that his service record was a continuous one. At the time of his last enlistment, about the beginning of the World War, he was visiting some of his relatives at Coffeyville, Kan., and gave that place as his residence. He later made application for and received adjusted compensation in the state of Ohio, where, under the statutes of that state, he had to show that he was a resident there when he enlisted in the army. He wrote the Ohio authorities that although his last enlistment was from Kansas, his home really was in Ohio, and he thought that was the state from which he should get his bonus. Hence, the trial court was justified in denying his claim upon the ground that he was required to make a showing he was a resident of Ohio, and that he did make such showing. In the recent case of *Douglas v. Soldiers' Compensation Board*, 151 Kan. 636, the court was considering the appeal of six claimants, three of whom unquestionably were soldiers from Kansas, but they had applied for and received a bonus from some other state. Their claims were denied. In reaching this conclusion the court again considered the provision in the 1939 amendment, *supra*, which prohibits the allowance of a claim to one who had received a bonus or similar payment from another state, the view of the court being that the legislature had authority to enact an unqualified provision of that kind. Because the facts disclosed in that holding were not as fairly stated as they might have been, we have written this opinion so that the bar will understand more clearly the interpretation given by the court to the act of 1939.

The judgment of the trial court should be affirmed upon the authority of *Richardson v. Soldiers' Compensation Board,* supra; *Hicks v. Soldiers' Compensation Board,* 150 Kan. 903, 96 P. 2d 618, and *Douglas v. Soldiers' Compensation Board,* supra. It is so ordered.