No. 35,050

G. M. LeMarr, *Plaintiff*, v. The Kansas Soldiers' Compensation Board, *Defendant*.

(109 P. 2d 182)

Opinion filed January 25, 1941.

*Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith, C. H. Morris* and *John F. Eberhardt,* all of Wichita, for the plaintiff.

*Jay S. Parker,* attorney general, *Samuel E. Webb,* of Topeka, and *E. V. Bruce,* of Holton, for the defendant.

The opinion of the court was delivered by

DAWSON, C. J.: Plaintiff invokes mandamus to compel defendant to pay a judgment.

In 1935 plaintiff's claim for compensation as a Kansas soldier in the World War was disallowed, and he brought proceedings for review in the district court of Sedgwick county. The defendant board joined issues by a general denial. The trial court found all the controlling facts in plaintiff's favor, finding specifically that he had served in the United States army for the time alleged, he was a resident of Kansas and Wichita was his post-office address when he entered the service, he held an honorable discharge from the army, his application for compensation had been filed within the extended satutory time, his claim had been disallowed, and his appeal therefrom had been taken in time.

On February 21, 1939, judgment was entered in plaintiff's behalf for $687 with interest at 6 percent from December 29, 1935, which was the date on which defendant had disallowed his claim. With the interest added, the total judgment was for $817.54, and the court decreed that the latter sum should bear interest at 6 percent until paid, and that defendant should pay the costs.

The defendant did not appeal; it simply ignored the judgment, and has withheld payment thereof. Hence this application for mandamus.

· To our alternative writ the defendant makes an answer and return in which it admits all the pertinent facts summarized above, but answers further, that—

"The plaintiff is not entitled to the payment of compensation by the state of Kansas, notwithstanding said judgment, for the following reasons, to wit:

"1. That said judgment was rendered on the same day but at a time subsequent to the time that chapter 280 of the Laws of Kansas, 1939, being 1939 Supplement 73-102, became effective.

"2. That the official records on file in the War Department of the United States disclose that the plaintiff did not give the state of Kansas or any specific place therein as his place of residence at the time of entering the military services of the United States, but on the contrary, said records disclose that at said time plaintiff gave Braman, Okla., as the place of his residence.

"3. That at the time plaintiff entered the military service of the United States during the World War, he was eighteen years of age and unmarried, and his father, David M. LeMarr, and his mother, Irene LeMarr, were residents of Braman, Okla.

. . . . . . . . . . . . .

IX

"Defendant further alleges that in no event should it be required to pay any interest upon plaintiff's claims or to pay the court costs accrued in the district court of Sedgwick county, Kansas."

It will be noted that judgment was entered in plaintiff's favor on February 21, 1939, which was the same day that chapter 280 of the Laws of 1939 took effect. (G. S. 1939 Supp., 73-102.) That statute called a halt to the practice of giving a bonus under the Kansas statute (G. S. 1935, 73-101 *et seq.*,) to men in the military services of the federal government who had collected a similar bonus from another state; and it also provided that the term "resident of the state of Kansas" meant any claimant who gave this state as his place of residence when he entered the federal military service; and the statute made the federal military and naval records the controlling evidence thereof. It also provided that the statute should apply to claims pending before the compensation board at the time the statute took effect.

In the notable case of *Richardson v. Soldiers' Compensation Board*, 150 Kan. 343, 92 P. 2d 114, which discussed the judicial history of the soldiers' compensation statute from its inception in 1921, the popular referendum thereon in 1922, and the supplemental

legislation which followed from time to time down to the last expression of the legislature on the subject (Laws 1939, ch. 280; G. S. 1939 Supp. 73-102), we held that in a certain sense a claim for compensation was "pending before the soldiers' compensation board until it is finally paid." In that case, however, the soldier's claim for compensation was still in process of litigation so it was not an unduly robust construction of the statute to say that it was still pending before the board until paid.

But can that interpretation extend also to a claim which has been reduced to judgment? As to it, can the compensation board still say: "Well, of course, this claim has been adjudicated in a court of competent jurisdiction, yet under the rule announced in the Richardson case, the claim is still pending before this board until it is paid, and as we haven't paid it yet, we never will have to pay it." If such hypothetical interpretation of the board's present attitude does not demonstrate its fallacy, let us carry the illustration a little further. Suppose we hold in this case that plaintiff *is* entitled to the relief he now seeks, and direct the compensation board to pay the judgment of the district court of Sedgwick county. Can the board make a further response thus: "Well, we have merely lost another lawsuit. We have not yet paid the plaintiff's adjudicated claim; consequently it is still 'pending before this board' and will continue to be pending before us as long as we don't pay it!"

On occasion this court has had to remark that while the study and practice of the law call for clear thinking and logical reasoning, it is possible to reason and refine with such subtlety and acuteness as to overshoot the mark of justice altogether. (*Haskins v. Kelly*, 77 Kan. 155, 158, 93 Pac. 605; *Atchison, T. & S. F. Rly. Co. v. Drainage District*, 133 Kan. 586, 591, 1 P. 2d 253; *Godfrey v. Kansas City Public Ser. Co.*, 149 Kan. 592, 595, 88 P. 2d 1037.)

In each of the recent cases of *Hicks v. Soldiers' Compensation Board*, 150 Kan. 903, 96 P. 2d 618; *Polk v. Soldiers' Compensation Board*, 151 Kan. 292, 98 P. 2d 93; *Douglas v. Soldiers' Compensation Board*, 151 Kan. 636, 100 P. 2d 986; and *Vickers v. Soldiers' Compensation Board*, 152 Kan. 173, 102 P. 2d 1003, the statute of 1939 was applied, and the rule of the Richardson case was followed; but each of those cases was still before the courts on appeal. None of them had been adjudicated to a finality.

Counsel for the board cite the case of *Jella v. Soldiers' Compensation Board*, 121 Kan. 360, 246 Pac. 521, where this court de-

clined to issue mandamus directing this defendant board to pay compensation after the petitioner's right thereto had been partially determined. We say "partially," because the only tendered issue in that case had been on the question of plaintiff's residence, and "no order [of court] directed to the board was made." There was no judgment to be enforced by mandamus or otherwise.

In the case at bar we have to deal with a final judgment, one unappealed from, and where the time to appeal has gone by. The subject matter of the controversy in the Sedgwick county district court was adjudicated to a finality. It is res judicata. (Manley v. Park, 62 Kan. 553, 64 Pac. 28; Skaer v. Capsey, 127 Kan. 383, 386-387, 273 Pac. 464; Union Central Life Ins. Co. v. Pletcher, 144 Kan. 359, 58 P. 2d 1158; Morris Plan Co. v. Hill, 148 Kan. 295, 80 P. 2d 1049.) In 3 Bouvier, Rawle's 3d rev. 2910, it is said:

"The doctrine of res judicata is plain and intelligible, and amounts simply to this, that a cause of action once finally determined, without appeal, between the parties, on the merits, by a competent tribunal, cannot afterwards be litigated by a new proceeding either before the same or any other tribunal; Foster v. The Richard Busteed, 100 Mass. 409, 1 Am. Rep. 125."

There must be a finality to judicial controversy, not only for the sake of justice, but also to save the judicial system of administering justice from falling into public contempt. So we have no hesitancy in holding that the plaintiff's judgment for his compensation must now be paid without further ado.

However, counsel for defendant do point out certain minor features of the district court's judgment which did transcend the court's jurisdiction and which are void on the face of the judgment. The compensation act makes no provision for the payment of interest on a soldier's claim. No money has been provided to pay interest on delayed payment of claims. Moreover, that feature of the judgment which taxes the costs to the defendant is also a sheer nullity. The statute declares otherwise. (G. S. 1935, 73-131, Duckworth v. Board of Compensation, 116 Kan. 399, 402, 226 Pac. 707.)

It is the order of this court that the defendant pay the plaintiff the amount of the original judgment of the district court, $687. No interest should be paid, and no costs will be allowed to either party—following the rule applied in Stevens v. McDowell, 151 Kan. 316, 323, 98 P. 2d 123. It is so ordered.