No. 56,480

In the Matter of the Estate of Sarah R. Reed, Deceased
INDIANA UNIVERSITY FOUNDATION AND PAULINE WINNICK, *Appellants*, v. GEORGE ANDREW REED, MARGARET MOORE, MARIE SIEDSCHLAG, DOROTHY SCHWAB, VIOLA REED SIMISON, MARTHA REED SENDER, MARY REED WESTPHAL, GARY DITTMER, BEVERLY DITTMER, WARD DITTMER, JR., ROGER R. CHRISTENSEN, PAULETTE CHRISTENSEN GUSE, FRANKLIN E. REED, CLIFFORD F. REED, DONALD E. BARBER, HAZEL ZIELKE and BERNICE POIRIER, *Appellees.*

(693 P.2d 1156)

Opinion filed January 26, 1985.

*Keith A. Greiner,* of Keith A. Greiner, Chartered, of Emporia, argued the cause and was on the brief for appellants.

*John G. Atherton,* of Atherton, Sanderson & Vander Velde, of Emporia, argued the cause and was on the brief for appellees.

The opinion of the court was delivered by

HOLMES, J.: Pauline Winnick and Indiana University Foundation appeal from an order of the Lyon County District Court denying probate of a document alleged to be the will of Sarah R. Reed, deceased. This is the third time this case has been before the court. In *In re Estate of Reed,* 229 Kan. 431, 625 P.2d 447 (1981) (*Reed I*), we denied original probate of the document as it did not comply with K.S.A. 59-606 or 59-609. In *In re Estate of Reed,* 233 Kan. 531, 664 P.2d 824, *cert. denied* 464 U.S. 978 (1983) (*Reed II*) we denied probate of the same instrument as a "will probated elsewhere" filed under K.S.A. 59-2229 and 59-

2230, holding that the statutes in effect prior to the 1982 amendments did not authorize the admission of the document as a "foreign will" and that the 1982 amendments to those statutes did not operate retroactively. Thereafter, on June 17, 1983, industrious counsel filed a third petition for probate of the instrument as a "will probated elsewhere" under the 1982 amendments to K.S.A. 59-2229 and 59-2230. The petition was dismissed by the district court on November 17, 1983, and this appeal followed.

For a brief statement of the underlying facts and background we refer to *Reed I*:

"Sarah R. Reed died in the Whippoorwill boating accident on Lake Pomona near Vassar, Kansas, on June 17, 1978. At the time of her death, she was Director of the School of Library Science at Emporia State University, and she was a resident of Lyon County, Kansas. Before she came to Kansas she was Assistant Dean of the Graduate Library School at Indiana University in Bloomington, Indiana. While she was living in Indiana she wrote out, in her handwriting and upon a sheet of stationery bearing her name at the top, the following document:

'SARAH R. REED

June 1, 1973

'This is to indicate my wishes should anything happen to me during the period between now and when I make out a will.

'I would like for the following people to have any of my personal and household effects they want: Margaret Griffin (Greenwood Ave.) and Mildred Lowell (Mrs. Wayne) of Bloomington and Pauline Winnick (2800 Quebec Ave. N.W., Washington, D.C. — 201-244-6964). The remaining jewelry goes to Mrs. Robert Johann, 4700 San Jacinto Terrace, Fallbrook, Calif. 92028, since most of it came from her.

'All remaining property including contents of First National Bank Safety Deposit Box goes to I.U. Foundation to be added either to the GLS Birthday Fund or to any other GLS fund where it is used for support for GLS Ph.D. students.

'Witnessed June 2, 1973

[signed] 'Benjamin F. Speller, Jr.
[signed] 'Bernard M. Fry
[signed] 'Clara McLeod'

The instrument contains no signature in the handwriting of Sarah R. Reed; her name appears only in the engraving at the top of the page." 229 Kan. at 431-32.

We see no reason to go into a detailed review of the decisions in

*Reed I* and *Reed II* and refer the reader to those opinions for further background information.

It is the position of appellants that (1) our decision in *Reed II* is not res judicata as the petition in that case was filed prior to the 1982 amendments to K.S.A. 59-2229 and K.S.A. 59-2230 while this case is based upon a petition filed after the amendments of 1982; (2) that our determination in *Reed II* that the 1982 amendments were not to be applied retroactively was *dictum* and not binding upon the issue; and (3) that the 1984 amendments to K.S.A. 59-2229 and K.S.A. 59-2230 should now be applied to this proceeding and construed to authorize the admission of the document as the will of Sarah R. Reed, deceased. In September, 1980, in an uncontested hearing an Indiana circuit court admitted the Reed document to probate as the will of Sarah R. Reed. It was that proceeding that led to the filing of *Reed II* and forms the basis for this action. To further understand the nature of this proceeding a brief review of the 1982 and 1984 amendments of K.S.A. 59-2229 and 59-2230 is required. During the legislative session of 1982 and while the appeal in *Reed II* was pending in this court, counsel for the present appellants approached the legislature and sought and obtained amendments to K.S.A. 59-2229 and 59-2230. With the 1982 changes underlined, 59-2229 provided:

"When a copy of a will executed outside this state and the probate thereof, duly authenticated, is presented by the executor or any other person interested in the will, with a petition for the probate thereof, the court shall fix the time and place for the hearing of the petition, notice of which shall be given to such persons and in such manner as the court shall direct, if the petition is filed within five years after the death of the testator. The title of any purchaser in good faith, without knowledge of the will, to any property derived from the fiduciary, heirs, devisees or legatees of the decedent shall not be defeated by the production of the will of the decedent and the petition for probate thereof after the expiration of nine months from the death of the decedent." L. 1982, ch. 235, § 3.

The new version of 59-2230 read:

"If, upon the hearing, it appears to the satisfaction of the court that the will of a resident or nonresident has been proved and admitted to probate outside this state and that it was executed according to the law of the place in which it was made, or in which the testator resided at the time of its execution or of the testator's death or in conformity with the laws of this state, it shall be admitted to probate with the same force and effect as the original probate of a will." L. 1982, ch. 235, § 4.

The amendments became effective July 1, 1982, and this court considered their effect in *Reed II.* We found that the amendments were not retroactive and declined probate of the Reed document. Appellants now contend the issue of the effect of the 1982 amendments was not properly before this court, should not have been considered and that the portion of the opinion devoted to the 1982 amendments is dicta. We do not agree. The issue was one which this court could properly consider and we did so. In addition appellants here, appellees in *Reed II,* specifically argued and set forth the 1982 amendments in their brief as being support for their position. This court also determined in *Reed II* that the finding of the Indiana court that the Reed document was in fact her will was not binding upon the Kansas courts.

One week after our decision in *Reed II* appellants filed a third petition for probate, this time purporting to proceed under the statutes as amended in 1982. The trial court correctly dismissed the petition, hence this appeal. While the appeal in this case was pending, counsel again approached the legislature and obtained passage of Senate Bill 509, again amending K.S.A. 59-2230 by adding a new subsection (b) which reads:

"The amendments to this section on July 1, 1982, and on the effective date of this act are declarations of the meaning of this section as it existed on June 30, 1982, and shall apply to any will, whether proved and admitted to probate outside this state before or after July 1, 1982, or before or after the effective date of this act." L. 1984, ch. 210, § 1(b).

The new subsection took effect on the date it was published in the Kansas Register, March 15, 1984. Appellants then filed a motion with this court asking that we consider the effect and application of the new 1984 amendment in this appeal. We agreed to do so. Thus, appellants are in the position of asserting that the Court should not have considered in *Reed II* the 1982 amendments passed while that case was pending but now should consider the 1984 amendment passed while this case was pending. We are also advised that shortly after the passage of the 1984 amendment a fourth petition for probate of the Reed document was filed in the Lyon County District Court based upon that amendment. Proceedings relative to that proceeding have been stayed pending our decision herein although conceivably the ultimate decision there could lead to *Reed IV.* We trust that does not become the case and that our decision here will make it clear

that this matter should finally be laid to rest. Proceedings for the administration of the Sarah R. Reed Estate have now been pending for over six years and, as previously indicated, have been the subject matter of three appeals to this Court. Appellants have more than had their day in court.

Appellees, in opposition to the arguments of appellants, assert (1) our holdings in *Reed II* are res judicata, (2) the rights of the appellees have become vested by our final decision in *Reed II*, (3) the 1984 amendment to K.S.A. 59-2230 does not apply to this case, and (4) the appellants cannot maintain their fourth petition now pending in the district court. Additionally, appellees assert that this appeal has been taken frivolously and for purposes of delay, harassment, and to increase appellants' attorney fees. Appellees ask that attorney fees and costs be assessed against appellants and their counsel pursuant to Supreme Court Rule 7.07(b) (232 Kan. ·cxviii).

We first turn to the issue of whether *Reed II* is res judicata as to the application of the 1982 amendments and therefore is determinative of this appeal. We think that it is and therefore does. Much could be written about the legislative history of the 1982 and 1984 amendments as reflected in the minutes and records of the Senate Judiciary Committee, House Judiciary Committee and Office of the Revisor of Statutes. Suffice it to say that all the amendments were sought by appellants' counsel in ex parte appearances before the committees. Committee minutes reflect some inconsistency in counsel's position when questioned whether the proposed amendments would affect pending cases in general and the Sarah R. Reed Estate in particular. Counsel, in what might be considered an overabundance of zealousness, may have caused committee members to be misled as to the effects of this legislation. Be that as it may, it is safe to say that the possible ramifications of these amendments upon the law of wills and probate in Kansas were not given careful consideration and it would be pure speculation whether the ultimate application of the amendments will, in the long run, be beneficial to the citizens of Kansas.

Setting aside the question of whether K.S.A. 59-2229 and 59-2230 are procedural or substantive in nature and the general rules regarding the prospective or retroactive application of the two types of statutes, one thing is crystal clear. This court in *Reed*

*II*, with the issue of the retroactive application of the 1982 amendments squarely before it, held they were not. The doctrine of res judicata is a bar to a second action upon the same claim, demand or cause of action. It is founded upon the principle that the party, or some other with whom he is in privity, has litigated, or had an opportunity to litigate, the same matter in a former action in a court of competent jurisdiction. *Penachio v. Walker*, 207 Kan. 54, 57, 483 P.2d 1119 (1971). The salutary rule of res judicata forbids a suitor from twice litigating a claim for relief against the same party. The rule is binding, not only as to every question actually presented, considered and decided, but also to every question which might have been presented and decided. *Hutchinson Nat'l Bank & Trust Co. v. English*, 209 Kan. 127, 130, 495 P.2d 1011 (1972). The doctrine of res judicata prevents the splitting of a single cause of action or claim into two or more suits; it requires that all the grounds or theories upon which a cause of action or claim is founded be asserted in one action or they will be barred in any subsequent action. *Parsons Mobile Products, Inc. v. Remmert*, 216 Kan. 138, 140, 531 P.2d 435 (1975). This rule is one of public policy. It is to the interest of the state that there be an end to litigation and an end to the hardship on a party being vexed more than once for the same cause. The doctrine of res judicata is, therefore, to be given a liberal application but not applied so rigidly as to defeat the ends of justice. *Wells, Administrator v. Ross*, 204 Kan. 676, 678, 465 P.2d 966 (1970).

An issue is res judicata when there is a concurrence of four conditions: (1) identity in the things sued for, (2) identity of the cause of action, (3) identity of persons and parties to the action, and (4) identity in the quality of the persons for or against whom the claim is made. *Kumberg v. Kumberg*, 232 Kan. 692, Syl. ¶ 6, 659 P.2d 823 (1983); *Adamson v. Hill*, 202 Kan. 482, 487, 449 P.2d 536 (1969). Application of the doctrine of res judicata is unconcerned with the procedural avenue employed to acquire jurisdiction in a particular tribunal. The doctrine prevents a second assertion of the same claim or cause of action and, regardless of which statute a party uses to proceed to a tribunal, where the same facts, same parties and same issues have previously been litigated before a court of competent jurisdiction which renders a judgment within its competency, the cause of

action is barred. *Wirt v. Esrey*, 233 Kan. 300, 308, 662 P.2d 1238 (1983). The precise issue raised here is whether a *final adjudication on the merits* of a claim bars subsequent petitions for relief based on intervening amendments to the statute under which relief is sought.

One of the most instructive Kansas cases is *LeMarr v. Soldiers' Compensation Board*, 153 Kan. 239, 109 P.2d 182 (1941). Plaintiff secured a judgment for $817.54, with interest at 6% until paid, representing compensation due him as a Kansas soldier in World War I. The defendant did not appeal, but rather ignored the judgment and withheld payment. The same day judgment was entered in plaintiff's favor, a new statute took effect prohibiting payments of bonuses to men in plaintiff's particular circumstances. When plaintiff sued for mandamus to compel payment of the earlier judgment, defendant answered plaintiff was not entitled to judgment by virtue of the new statute. Our court denied the defense stating that plaintiff's claim, having come to final judgment, was res judicata unaffected by the subsequent statutory change. *LeMarr*, 153 Kan. at 242.

Other jurisdictions faced with this question in the context of both intervening legislative and judicial changes in the law, have split in their application of res judicata, but a majority of the courts have applied the doctrine evidencing a preference for its public policy over the interests of private litigants. For example, in *Young v. O'Keefe*, 248 Iowa 751, 82 N.W.2d 111 (1957), plaintiff first sued to collect "widow's" benefits claimed to be due him by virtue of his wife's (a police officer's) death. Relief was denied solely because the statutory language did not include surviving widowers. The Iowa legislature amended the statute to remedy this omission, and plaintiff filed a second demand. The Iowa Supreme Court, in addressing the issue of res judicata, stated:

"The term ['cause of action'], as used for the purpose of applying the doctrine of res judicata, is defined to mean 'the fact or facts which establish or give rise to a right of action, the existence of which affords a party a right to judicial relief * * * the test most commonly stated is to ascertain whether the * * * evidence which is necessary to sustain' the claim is the same in both cases. [Citations omitted.]

"Our own court has (perhaps more succinctly) stated the test ' "is to inquire if the same evidence will maintain both the present and the former action." ' [Citations omitted.]

" 'It is only necessary that both actions should affect the same parties, involve the same subject matter, determine the same cause of action.' [Citations omitted.]

"If the purpose of res judicata be to add *finality* to judicial decision, the propriety of its presence here cannot be doubted. A judgment based on plain statutory construction, as was our earlier decision, would not be exactly *final* if the legislature could by subsequent retroactive (nunc pro tunc) change of statute reopen the identical controversy for the benefit of a losing litigant." (Emphasis in original.) 248 Iowa at 756.

Appellants rely upon *Board of Greenwood County Comm'rs v. Nadel*, 228 Kan. 469, 618 P.2d 778 (1980), and cases cited therein. We have no quarrel with appellants' authorities but they are not applicable to the case now before us. In the cases relied upon there had been no final determination of the specific issue involved and retroactive application of a new statute to pending litigation on the issue was allowed. In the instant case, we have a final judgment of an appellate court in which it was determined that the 1982 amendments did not apply retroactively to the attempted probate of the Reed document. This case more clearly falls within the doctrine known as "the law of the case" as applied to an assertion of res judicata. As early as 1875 this court stated:

"Upon abundant authority, and well-settled principles, the decision at that time [in *Challiss v. Headley*, 9 Kan. 684] has become the established law of the case. [Citations omitted.] Whatever therefore, was at that time decided, is not now a matter for reexamination." *Headley v. Challiss*, 15 Kan. 602, 606 (1875).

More recently it has been said:

"[W]hen a second appeal in the same action is brought to this court, the first decision is the law of the case on all questions involved and decided in the first appeal and such questions will not be reconsidered." *Bartlett v. Davis Corporation*, 219 Kan. 148, 153, 547 P.2d 800 (1976).

See also cases annotated in 2A West's Kansas Digest, Appeal & Error § 1096.

Insofar as the 1984 amendment to the statute may have been an attempt by the legislature to reverse our final decision in *Reed II*, it was clearly ineffective. In *Reed II* we determined the 1982 amendments were not retroactive and did not apply to the Reed document. That is a final judgment and the 1984 amendment purporting to set forth the intent of the legislature two years earlier is ineffective to reverse that judgment. Any other deter-

mination would not only fly in the face of the bar of res judicata but would also run into constitutional safeguards as applied to vested rights (see *Eakes v. Hoffman-LaRoche, Inc.*, 220 Kan. 565, 570, 552 P.2d 998 [1976]), and the doctrine of separation of powers as applied to two co-equal branches of government. In *Reed I* we determined the Reed document was not subject to original probate in Kansas, and in *Reed II* we held it was not subject to probate as a "will probated elsewhere." All of the required elements of res judicata are clearly present in this case. Those decisions are final and no longer subject to further attack. The judgment of the trial court must be affirmed.

Appellants assert we should consider the equities involved and argue we should follow Sarah R. Reed's wishes rather than insist upon proper execution of a will. While the Reed document does adequately express Miss Reed's wishes, it is lacking in the essential requirements necessary for a valid will. She clearly states she is indicating her wishes "during the period between now and when I make out a will." She evidently was fully aware the document did not qualify as a will. Five years later she had still failed to make out a will. The document is purely precatory in its language and terminology and does not purport to dispose of her property. It is neither signed nor subscribed. The fact that an Indiana court saw fit, for whatever reason, in an uncontested proceeding to declare this instrument a valid will under Indiana law was determined to be not binding upon Kansas in *Reed II*. While much could be written upon the public policy of this state as it relates to the necessity and justification for compliance with statutory requirements and formalities surrounding the proper execution of a will, we see nothing to be gained by prolonging this opinion.

One final matter remains to be determined. Counsel for appellees has presented in his brief and by separate motion before the court, a request for the allowance of attorney fees and costs pursuant to Supreme Court Rule 7.07(b) (232 Kan. cxviii). Appellees contend this appeal has been taken in bad faith solely for the purposes of harassment, delay and increased attorney fees. While the wisdom of this appeal might be subject to question in view of the clear holding in *Reed II*, we cannot equate counsel's excessive advocacy with bad faith. Although appellees' counsel asserts the issue had already been determined in *Reed II* and

therefore this appeal is a rehash of the issues in that case, we note from counsel's motion that this appeal required 187 hours and 55 minutes of counsel's time with a value of $13,154.17. It would be difficult to say that the appeal was frivolous if that much effort was required in defending against the appeal. The motion for the assessment of attorney fees and costs is denied.

The judgment is affirmed and appellees' request for attorney fees and costs pursuant to Rule 7.07(b) is denied.