NOT DESIGNATED FOR PUBLICATION

No. 124,135

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TRACY PRESNELL,
Trustee of the TRACY A. AND DARLA J. PRESNELL REVOCABLE TRUST,
*Appellant*,

V.

CENTRAL KANSAS CONSERVANCY, INC.,
SELZER'S BACKHOE SERVICE, MICHELE CULLEN, and HAROLD SELZER,
*Appellees*.

MEMORANDUM OPINION

Appeal from McPherson District Court; MARILYN M. WILDER, judge. Opinion filed May 6, 2022.
Affirmed.

*Tracy Presnell*, appellant pro se.

*Ann M. Elliott*, of Wise & Reber, L.C., of McPherson, for appellees.

Before MALONE, P.J., SCHROEDER and HURST, JJ.

PER CURIAM: This case is a companion case to *Presnell v. Cullen* (No. 123,877, this day decided) (unpublished opinion). Once again, we are tasked with addressing Tracy Presnell's claims involving the same stretch of railroad corridor that runs on his property in McPherson County. The Central Kansas Conservancy (Conservancy) acquired the railroad corridor for interim use to develop a recreational trail under the National Trails System Act (Trails Act), 16 U.S.C. § 1247(d) (2018). Presnell previously filed a lawsuit against the president of the Conservancy, Michele Cullen, arguing the

1

Conservancy did not have the right to cut down vegetation located within the easement on his property to develop a public trail. Presnell later filed this suit against the Conservancy and its agents for cutting down different vegetation. The defendants to this suit responded and filed a motion to dismiss on the basis of res judicata. The district court granted the motion to dismiss this second suit. Presnell timely appeals, alleging this suit was different from the first suit because it involved different vegetation, different actors, and the conduct complained of occurred on a different date. Finding no error by the district court, we affirm.

FACTS

Because the facts here are nearly identical to those in *Presnell v. Cullen*, No. 123,877, appeal from 19-CV-36, we only briefly set out the facts relevant to this case. In September 2018, Harold Selzer—owner and operator of Selzer's Backhoe Service—used a backhoe to remove vegetation located on Presnell's property but within the Conservancy's recreational trail easement. In September 2020, Presnell, trustee of the Tracy A. and Darla J. Presnell Revocable Trust (Trust), filed a petition against the Conservancy, Selzer's Backhoe Service, Cullen, and Selzer (collectively Defendants) for alleged property damages. The property at issue is no longer a part of the Trust and is owned by Presnell. Presnell's property was encumbered by a railbanked railroad right-of-way.

Presnell admitted the vegetation removed was within the boundaries of the easement but outside the 10-to-14-foot-wide area required for the trail and, thus, the Conservancy unnecessarily trespassed on his property. Presnell also admitted Selzer was operating under the Conservancy's direction. Presnell ultimately sought damages for trespass and conversion of property, claiming the removed vegetation reduced his property value.

2

In response, Defendants filed a motion to dismiss. Defendants contended Presnell failed to assert a claim upon which relief could be granted, the statute of limitations had run, and Presnell's claim was barred under the doctrine of res judicata—particularly as it related to Cullen. Defendants also contended Presnell's claims were barred against all named defendants under the doctrine of collateral estoppel and the district court should dismiss Presnell's petition with prejudice. Finally, Defendants argued Presnell's underlying claims remained the same as 19-CV-36 but added new parties and a new date of the alleged offense.

At the hearing on the motion to dismiss, Presnell confirmed the conduct complained of was no different than the conduct complained of in his first case against Cullen.

"THE COURT: Are there facts different in this case than in the case that I previously heard? I understand that there's an additional defendant with Mr. Selzer, but is the conduct complained of different in this case than in the first?

"MR. PRESNELL: No.

"THE COURT: Okay.

"MR. PRESNELL: And the issues at law are the same issues of law which, again, you have decided against me in the other case, but that's what the Court of Appeals is to decide is whether your particular issuance on the law is correct or not.

"THE COURT: Okay. And do you agree with [Cullen's counsel's] hypothesis, if you will, that if I don't dismiss this case in theory you could just file lawsuit after lawsuit after lawsuit choosing different dates?

"MR. PRESNELL: When the [19] CV 36 case becomes final, which it's fully adjudicated, that puts an end to filing lawsuits.

"THE COURT: Correct.

"MR. PRESNELL: But conceivably if, for example, tomorrow all of the barriers were removed and [the Conservancy] was allowed back on the property and they came in and mowed it all down for no purpose whatsoever, there would be another lawsuit because [19] CV 36 is not settled case law."

3

The district court found, with respect to the finality of Presnell's other suit then pending appeal, it did not need to consider the finality of the prior litigation because the doctrine of res judicata still applied as it related to issue splitting. The district court explained:

"This case then involves the same tract of land, the same alleged conduct (removal of trees and other vegetation), and the same person or entities are involved. Although Selzer Backhoe Service was not named in the prior litigation, he is named in this litigation in his capacity as an agent of [the Conservancy].

"In the present case, Mr. Presnell . . . again alleged, as he did at trial of the first case, that the vegetation growing within the boundaries of the easement belonged to him and that he had been damaged by this misconduct. The relief claimed was the replacement cost of removed vegetation and reduction in value of the property. At hearing on the Motion to Dismiss, the Court inquired of Mr. Presnell whether any facts were different than alleged in the previous litigation. He stated that the conduct was no different and the facts were the same.

. . . .

"In this case, Mr. Presnell attempts to split a single cause of action, that of monetary damages due to him by the actions of Central Kansas Conservancy and its agents in removing vegetation from the portion of the rail-banked right-of-way that immediately abuts his property, into two (or more) suits."

The district court granted Defendants' motion to dismiss with prejudice. Additional facts are set forth as necessary herein.

ANALYSIS

*Presnell's Claims Are Barred by the Doctrine of Res Judicata*

Presnell admits this action involves claims for damages and trespass similarly raised in his previously filed case and involves the same easement. Presnell contends this

is a separate and distinct claim because it involves different vegetation—though located on the same easement at issue in his other case—destroyed by different actors and on a different date from the other claim. Presnell asserts either Cullen or the Conservancy directed Selzer, either in his personal capacity as a volunteer or as a paid contractor, to remove vegetation from the property. Presnell argues the district court erroneously dismissed his claim based on claim splitting, finding the dispute arose from the same tract of land and involved the same alleged conduct by the same person or entities. Presnell further asserts, even if the actors were the same in both lawsuits, the vegetation destroyed was different and, therefore, amounted to a separate cause of action. Presnell seeks reversal of the district court's order of dismissal.

Defendants respond, noting artificial persons, such as corporations, can act only through individuals. Presnell's overarching arguments in both his first case—19-CV-36—and this case allege he was wronged by the Conservancy, acting through its officers, contractors, and volunteers. Defendants argue 19-CV-36 and Presnell's current lawsuit are duplicative, harassing litigation which the doctrine of claim splitting is intended to prevent.

*Standard of Review*

"'Whether a district court erred by granting a motion to dismiss for failure to state a claim is a question of law subject to unlimited review.' [Citation omitted.]" *Williams v. C-U-Out Bail Bonds*, 310 Kan. 775, 784, 450 P.3d 330 (2019). The appellate court will view well-pled facts in the light most favorable to the plaintiff and assume as true those facts and any inferences reasonably drawn therefrom. *Steckline Communications, Inc. v. Journal Broadcast Group of KS, Inc.*, 305 Kan. 761, 767-68, 388 P.3d 84 (2017). "Dismissal is proper only when the allegations in the petition clearly demonstrate that the plaintiff does not have a claim. . . . If those facts and inferences state *any* claim upon which relief can be granted, dismissal is improper. [Citations omitted.]" 305 Kan. at 768.

5

*Res Judicata*

The common-law doctrine of res judicata covers both issue preclusion and claim preclusion. *Jackson Trak Group v. Mid States Port Authority,* 242 Kan. 683, 690, 751 P.2d 122 (1988). Our Supreme Court recently clarified and explained the distinction:

"Although the terms res judicata and claim preclusion often are used interchangeably, res judicata encompasses two distinct doctrines. The first doctrine is issue preclusion, also known as collateral estoppel, and it precludes a party from relitigating an issue actually decided in a prior case and necessary to the judgment. The second is claim preclusion, sometimes called res judicata, which prevents parties from relitigating the same claim or cause of action even if certain issues were not litigated in the prior action.

"Under Kansas law, claim preclusion consists of four elements: (1) same cause of action or claim, (2) same parties, (3) claims in the current case were or could have been raised in the prior action, and (4) final judgment on the merits of the prior action. Claim preclusion acts as 'a bar to a second action upon the same claim, demand or cause of action.' The doctrine of claim preclusion is founded on the principle that the party, or some other person or entity with whom the party is in privity, has litigated, or had an opportunity to litigate, the same matter in a former action in a court of competent jurisdiction. Res judicata applies 'not only as to every question actually presented, considered and decided, but also to every question which might have been presented and decided.' It 'prevents the splitting of a single cause of action or claim into two or more suits [and] it requires that all the grounds or theories upon which a cause of action or claim is founded be asserted in one action or they will be barred in any subsequent action.'

"We have described the rationale behind the doctrine as 'one of public policy. It is to the interest of the state that there be an end to litigation and an end to the hardship on a party being vexed more than once for the same cause.' Nevertheless, we have emphasized that courts applying res judicata principles must employ a flexible, common-sense construction that recognizes the reality of a given situation in order to sustain its primary goals, which are rooted in the requirements of justice and sound public policy.

6

[Citations omitted]." *Herington v. City of Wichita*, 314 Kan. 447, 457-58, 500 P.3d 1168 (2021).

Our Supreme Court has noted multiple times the doctrine of res judicata should be liberally applied and not so rigid it defeats the ends of justice. *In re Estate of Reed*, 236 Kan. 514, 519, 693 P.2d 1156 (1985); see *Cain v. Jacox*, 302 Kan. 431, 434-35, 354 P.3d 1196 (2015) (listing cases). The *Cain* court also explained the need to conduct a case-by-case analysis, considering the fundamental purpose of the doctrine of res judicata in light of the substance of a particular case. 302 Kan. at 435.

### *Same cause of action or claim*

Presnell argues 19-CV-36 and his lawsuit at issue here are different causes of action because different vegetation was destroyed. Presnell's argument is unpersuasive. In 19-CV-36, Presnell alleged a taking of property when the vegetation was removed, and the lawsuit here alleged a taking of property—on the same land subject to the same easement—for destroying different vegetation. In fact, in his brief, Presnell presents a second argument which is a nearly verbatim from his brief in the appeal from 19-CV-36, alleging a taking for destruction of vegetation. While the trees cut down in this case were different from the trees removed in Presnell's other suit, the underlying issue still concerns the same easement in which the trees and vegetation were removed.

Presnell conceded "there is a rail-banked right-of-way that traverses the property and that [the Conservancy] acquired an easement right for a trail in 1997 and makes no challenge to the ownership of that interest in the property." In fact, contrary to public policy, Presnell goes so far as indicating he can conceivably continue to file lawsuit after lawsuit against the Conservancy and its agents until 19-CV-36 is fully adjudicated. Presnell's repetitive lawsuits for the same causes of action are placing an unnecessary hardship on the Conservancy.

We find this case arises out of the same factual circumstances as Presnell's first case, in which the Conservancy, acting through its members and volunteers, generally cut down vegetation—all located on its easement—over a short period of time for the purpose of developing the recreational trail.

*Same parties*

Presnell also contends this lawsuit was filed against different defendants and, therefore, the district court was incorrect in dismissing his claim. Presnell admits the additional defendants named in this lawsuit—Harold Selzer, Selzer's Backhoe Service, and the Conservancy—were directed to act by the Conservancy or by Cullen in her capacity as president of the Conservancy. Presnell contends the district court recognized there were different parties involved in this case but failed to properly consider the relevance of this fact. He is incorrect; rather, the district court correctly recognized the different parties involved and the relationship between the parties as agents of the Conservancy.

Competent evidence reasonably proving the principal-agent relationship is a question of law. *Golden Rule Ins. Co. v. Tomlinson*, 300 Kan. 944, 954, 335 P.3d 1178 (2014). Such relationship is a fiduciary relationship arising when a principal manifests assent to an agent that the agent will act on the principal's behalf and under the principal's control. An agent can manifest assent or intention through its conduct to establish the existence of the principal-agent fiduciary relationship. 300 Kan. at 955. There are three components to the principal-agent relationship: "assent by both parties, benefit to the principal, and control by the principal." *Rezac Livestock Commission Company, Inc. v. Pinnacle Bank*, 255 F. Supp. 3d 1150, 1160 (D. Kan. 2017); see *Golden Rule*, 300 Kan. at 955-56; Restatement (Third) of Agency § 1.01 (2005); 2A C.J.S., Agency § 5.

8

Here, competent evidence reasonably shows a principal-agent relationship between the Conservancy, as principal, and the other three named parties to this lawsuit, as agents. It is uncontested the agents—Cullen, Selzer's Backhoe Service, and Selzer—agreed to act on behalf and for the benefit of the Conservancy and under the Conservancy's control. The agents, who are members and volunteers of the Conservancy, agreed to help develop and maintain the recreational trail at issue on behalf of the Conservancy. In fact, Presnell admitted that the newly named defendants were working under the direction of the Conservancy. Thus, we find the claims in this appeal are founded on the same grounds or theories as Presnell's first suit.

Although additional parties are named as agents of the Conservancy, the district court correctly determined Presnell's current claim split a single cause of action into multiple lawsuits and was barred under the doctrine of res judicata. While this lawsuit, on its face, names additional parties, those parties are all agents of the Conservancy against whom Presnell's underlying claims are targeted. We find the newly named parties were agents of the Conservancy, working under the Conservancy's control, and Presnell cannot continue to file lawsuits against various agents of the Conservancy as a way to continue asserting the same claim against the Conservancy as principal.

*Claims in the current case were or could have been raised in the prior action*

Presnell admits the facts and the law in this case are no different than his prior suit against Cullen as president of the Conservancy. The claims raised here were raised in the prior action. Although different vegetation was removed within the easement on Presnell's property, we find, using a common-sense approach, Presnell cannot split his claims to create vexing litigation to the detriment of the Conservancy. See *Herington*, 314 Kan. at 457-58.

*Final judgment on the merits in a prior action*

Because in *Presnell v. Cullen* (No. 123,877, this day decided), we decided that Presnell was not entitled to relief on his claims for trespass and damages in that case, we further determine it represents a final judgment arising out of the same claims Presnell now makes in this case. Thus, Presnell is barred from relief in this case.

Affirmed.